RUMSEY, J.
—In December, 1887, Alois Diepenbroclc took out a policy of insurance on his own life in the-Equitable Life Assurance Society. In December, 1892, the surrender value of that policy was_ about $485. In that month the defendant Erdtmann bought the policy of Diepenbrock, and took an assignment of it, absolute in form, expressing as a consideration one dollar “and other valuable considerations.” The real consideration paid by Erdtmann was $600, On the same day, Erdtmann sold the policy to the plaintiff for $700, and gave an assignment also absolute in form. At the time these transactions took place, neither Erdtmann nor Steinback held towards Diepenbrock any relations of trust or confidence whatever, nor was there any reason why they should not purchase the policy for the best price for which they could get it In April, 1895, Diepenbrock died. The plaintiff made the proofs required by the policy, and, when it was not paid, brought this suit against the insurance company to recover the amount due upon it. The company, admitting its liability to some one, paid the money into court, and procured the defendant Louise Diepenbrock, as executrix of Alois, to he substituted as defendant, together with Erdtmann, the plaintiff’s assignee. The executrix answered, claiming the money. At the trial, the foregoing facts were not disputed, and the court gave judgment for the plaintiff. The executrix appeals. She insists, in the first place, that the assignment of the policy by the testator to Erdtmann was as collateral security, and not absolute, with regard to which it is necessary -only to say that there is no evidence upon the subject except the *606 assignment, which, by its terms, purports to be an absolute assignment.
It is said that the assignment of the policy to Erdtmann is not valid because it appeared that he had no insurable interest in the life of Diepenbrock. It is, no doubt, the rule that if one takes out a policy of insurance upon the life of another, in which he has no interest, the policy is a pure wager policy, and void. Ruse v. Insurance Co., 23 N. Y. 516. But, where one takes out a policy on his own life, it is a valid contract, and becomes operative ]ust as soon as it is perfected. It is practically a promise on the part of the insurer to pay a sum of money to the insured upon the happening of a condition. As such it is a valid contract, properly a' subject of sale, and is valid in the hands of any person to whom it is assigned for value. Such is the well-settled law of this state. St. John v. Insurance Co., 2 Duer, 419, affirmed, 13 N. Y. 31, 39; Valton v. Assurance Co., 20 N. Y. 32 ; Olmsted v. Keyes, 85 N. Y. 593. In the courts of the United States a different rule is laid down (Warnock v. Davis, 104 U. S. 775); but in that case, Field, J., delivering the opinion of the court, says that the court of appeals of this state holds that a policy of insurance effected by a person upon his own life is assignable, like an ordinary chose in action, and that the assignee is entitled, upon the death of the assured, to the full sum payable, without regard to the consideration given by him for the assignment or to his possession of any insurable interest in the life of the assured. This is an accurate statement of the rule in this state. Within this rule, the assignment to Erdtmann was valid, and his assignee was entitled to the amount of the policy which had been paid into court by the insurance company.
After this case had been on the day calendar, and called, and marked “Ready,” the counsel for the executrix procured an order for the examination of the defendant Erdtmann before trial, which on motion,' was vacated. The defendant, upon her appeal, seeks to bring up and review the order for the examination of Erdtmann. There is no merit in this part of the appeal. Erdtmann was present and ready to be examined as a witness at the trial, and no reason was shown why the defendant needed any opportunity to examine him in any other place. Besides, he was produced for examination before trial, but defendant declined to examine him. It is apparent that the proceeding to obtain his examination before trial, and to postpone the trial until it should be done, was a mere subterfuge to delay the trial of the action.
It is objected here that the court, at the trial term, erred in denying the motion of defendant to postpone the trial. No good reason was shown why it should have been'granted.
The judgment and the orders should be affixed, with costs to plaintiff.
All concur.