Belknap,  
Dec., 1898.

### MOORE *v.* MOORE & a.

Where the residue of an estate is given to J upon condition that he shall pay specific legacies, his failure to pay them does not constitute a breach of the condition subsequent attached to the estate so as to work a forfeiture, if no time is fixed for payment and just pecuniary compensation can be made.

In such case the intention of the testator may be effectuated and a forfeiture avoided by payment of the legacies and interest thereon within a reasonable time by the assignee in insolvency of the residuary legatee.

WRIT OF ENTRY. Facts agreed. David F. Moore died testate in 1888, leaving a homestead place in Laconia, and, surviving him, a widow and four children, of whom the plaintiff and the defendant Joseph C. are two. By his will, which has been duly allowed, he gave to each of the children except Joseph C. five dollars, and to his widow his household furniture and provisions, and the use and income of one undivided half of his homestead, — the latter during her life or so long as she should remain unmarried. He also ordered and directed that his widow should " be furnished and provided with a good and comfortable support and maintenance " from his estate, and that a good horse and carriage should be kept for her use without expense to her. He gave the residue of his estate to the defendant Joseph C., and his heirs and assigns, " but upon the express provision that he shall pay the before-mentioned legacies, and carry out or shall give proper bonds for the carrying out the provisions hereinbefore written for the support " of his widow. He ap-

pointed Joseph C. executor of the will. The widow died in 1894. The defendant Jones is in possession of the homestead place, as assignee of Joseph C., an insolvent debtor. The plaintiff seeks to recover one undivided fourth part of the place, on the ground that it has descended to him as an heir-at-law of David F., because Joseph C. never paid the legacies named in the will, and never gave proper bonds for carrying out the provisions of the will in respect to the support of David F.'s widow. The defendant Jones is ready to pay the legacies, if necessary to protect his right to the demanded premises.

*Walter S. Peaslee*, for the plaintiff.

*Stone & Shannon* and *Edwin F. Jones*, for the defendants.

BLODGETT, C. J. For the purposes of this inquiry, it is immaterial whether Joseph C. gave proper bond for the support and maintenance of the widow of David F. If he carried out the provisions for her support prescribed by the will, no bond was required of him by its express terms; and if he failed to carry out those provisions, the right to take advantage of the failure was personal to her and terminated with her decease.

Assuming that the plaintiff's five-dollar legacy has not been paid and that it is not a mere charge upon the land devised to Joseph C., the remaining question is: Did its non-payment by Joseph C. constitute a breach of the condition subsequent attached to his estate, so as to work a forfeiture of which the plaintiff can avail himself? Upon the evidence before us we regard it as plain that the question must be answered in the negative.

The mere fact that the legacy has not been paid does not of itself establish a forfeiture. For aught that appears, its non-payment may have been entirely justifiable, as, for example, that at the time the estate vested in Joseph C. the plaintiff was and ever since has been his debtor in excess of the legacy, or that the plaintiff has so conducted himself in respect of it as to amount to a waiver of its payment. " ' Regularly, where any man will take advantage of a condition, if he may enter he must enter, and when he cannot enter he must make a claim; and the reason is, for that a freehold and inheritance shall not cease without entry or claim, and, also, the feoffor or grantor may waive the condition at his pleasure.' Co. Lit. 218 a. In such case, as the grantor may waive the condition, and thus allow the estate to continue, notwithstanding the breach, it is held necessary for him to enter if he can, and if not to make claim, as evidence of the assertion of his rights and of his intention to take advan-

tage of the breach; otherwise it will be presumed that he has waived it." *Rollins* v. *Riley*, 44 N. H. 1, 12.

But suppose it should appear that there was an unjustifiable breach of condition by Joseph C. as to the legacy, that it was duly demanded, and that the plaintiff seasonably did everything he ought to have done " as evidence of the assertion of his rights, and of his intention to take advantage of the breach,"— it is not apparent how it could aid him in the recovery which he seeks. The case would still remain one admitting of just pecuniary compensation; and when this is so, equity will interfere to prevent the divesting of an estate for a breach of covenant or condition. 2 Sto. Eq. Jur. (12th ed.), *ss.* 1319–1324. As said by *Bellows*, J., in *Smith* v. *Jewett*, 40 N. H. 530, 534, " the books are full of cases where courts of equity relieve against forfeitures where compensation in damages can be made "; and it is not open to doubt that if the plaintiff obtains his legacy, he gets all that the testator intended he should receive and all that, in justice, he is entitled to have. With that he must be content; for giving to him the benefit of the most favorable construction, there is nothing to distinguish his case from ordinary cases of forfeiture in which adequate compensation may be made, or that would incline any court " to aid him in the rigorous exaction of the extreme right of forfeiture, if any was shown to exist."

The objection that it is now too late to perform the condition is not sustained. " A devise upon condition is not barred by lapse of time when no time is named within which the condition may be performed." *Page* v. *Whidden*, 59 N. H. 507, 508. The will fixes no time for the payment of the legacies. When this is so, payment may be made in any reasonable time, in view of all the circumstances.

If, therefore, the plaintiff's legacy has not been paid, and whether it has or has not been demanded by him, we are of opinion that the manifest intention of the testator to give him but five dollars may still be effectuated, a forfeiture of the estate avoided, and justice to all parties done, by the payment of the legacy and interest thereon within a reasonable time by the assignee. When this is done judgment will be entered for the defendants.

*Case discharged.*

All concurred.