PRUDENTIAL INSURANCE CO. v. LIERSCH.[1]

LIFE INSURANCE—ASSIGNMENT OF POLICY—RIGHT OF ASSIGNEE—
INSURABLE INTEREST.
    The assignment, with the consent of the insurance company,
    by insured, of a policy on his life, payable to his executors,
    administrators, or assigns, to one having no insurable inter-
    est, who thereafter paid the premiums on said policy, entitled
    the assignee to the proceeds of the policy on the death of the
    insured, there being no restrictions on insured's right to
    assign it in the policy or the by-laws of the company.

Appeal from Wayne; Frazer, J. Submitted Novem-
ber 14, 1899. Decided December 21, 1899.

Bill of interpleader by the Prudential Insurance Com-
pany of America against Gertrude P. Liersch and Garret
Van Winkle, special administrator of the estate of Henry
Michelsen, deceased, to determine title to the proceeds of
an insurance policy. From a decree for defendant Liersch,
defendant Van Winkle appeals. Affirmed.

*Galloway & Graham*, for appellant.

*William E. Henze*, for appellee.

LONG, J. This cause was heard in open court, and the
following opinion filed in it by Judge Frazer:

"This is a bill of interpleader, in which the complainant,
the Prudential Insurance Company, having paid certain
moneys into court, asks to have a decree entered as to
whether that money shall be paid to the defendant Gert-
rude P. Liersch, or to Garret Van Winkle, special admin-
istrator of Henry Michelsen's estate.

"The facts in this case, as I understand them, are:
Henry Michelsen obtained from the Prudential Insurance
Company an insurance policy for the sum of $1,000 upon

_____
[1] Rehearing denied April 3, 1900.

his own life, payable to his executors, administrators, or
assigns. He paid the premiums upon the same for
some years. The policy was obtained on the 6th day of
April, 1891, and Michelsen paid the premiums until July
10, 1894, at which time he assigned, with the consent of
the company, his interest in the policy, to the defendant
Gertrude Liersch. At the time of said assignment, if the
premiums had not been paid, the policy would have
lapsed, and under the rules and regulations of the com-
pany, as shown by the testimony, would have been of no
value whatever. On July 10th, or thereabouts, Henry
Michelsen went to one Selling, the agent of the Prudential
Insurance Company in Detroit, and told him that he was
unable to keep up the payment of premiums, and that he
desired to assign his policy to Gertrude P. Liersch, who
had been his housekeeper and nurse, and wanted to ascer-
tain from the agent of the company whether he could do
so. The agent of the company informed him that he
could, and then and there, through the instrumentality of
the agent, an assignment was prepared, which was offered
in evidence, assigning his interest in the policy to Gertrude
P. Liersch, after which Gertrude P. Liersch paid the
premiums that subsequently became due upon the policy
for some time until the death of Henry Michelsen, and
now she claims that, on account of said assignment and
the payment of these premiums upon her part, she is
entitled to receive the $1,000, the amount of the policy, or
whatever is due upon said policy.

" The Prudential Insurance Company, the complainant,
manifests a willingness to make this payment of whatever
is due upon the policy, but states that the administrator of
Henry Michelsen, to wit, Garret Van Winkle, claims that
the defendant Gertrude P. Liersch has no claim upon
the money represented by the policy, for the reason that
the company had no authority to assign the policy to her,
that she had no insurable interest that could be taken out
by her upon the life of Mr. Michelsen, that she was in no
way related to him, and for the reason that she had sued
the estate of Henry Michelsen, and recovered from it, for
services which she had claimed to have rendered as nurse
and housekeeper; and for the further reason that it is
claimed that, at the time Henry Michelsen made this
assignment, he was not of sound mind, and incapable in
law, therefore, of making this assignment. As to this
proposition, I find the fact to be that, while Henry Michel-

sen, soon after the assignment of the policy, became paralyzed, and incapable of doing business, still I am well satisfied from the testimony of Mr. Selling that, at the time the assignment was made, he was perfectly capable, mentally and otherwise, of making the assignment; and I find nothing in this contention of the defendant Van Winkle. I find, also, in my opinion of the law, that the insurance policy obtained by Henry Michelsen upon his own life was a valid policy, and that he had an insurable interest, and that, the policy being valid at the time it was taken out, it was strictly within the power, under the law, for Henry Michelsen to assign that policy to whomsoever he saw fit; and I therefore hold the assignment of the policy to be valid, and whatever is due upon said policy is due and owing to the defendant Gertrude P. Liersch, and the decree of this court may be entered accordingly."

We think the evidence establishes the fact that Michelsen was of sound mind when the assignment of the policy was made. There is no statute pointed out which prohibited the assignment to Mrs. Liersch, nor is there any restriction in the policy or the by-laws of the company which prohibited the assignment, and the company assented to it. Under such circumstances, Mr. Michelsen had the right to make the assignment. *New York Mut. Life Ins. Co.* v. *Armstrong,* 117 U. S. 591; *Olmsted* v. *Keyes,* 85 N. Y. 598; *Bursinger* v. *Bank of Watertown,* 67 Wis. 75 (58 Am. Rep. 848); *Ionia County Savings Bank* v. *McLean,* 84 Mich. 625.

The decree is affirmed, with costs.

The other Justices concurred.