### GORDON v. WARE NAT. BANK OF WARE, MASS.

#### (Circuit Court of Appeals, Eighth Circuit. August 22, 1904.)

#### No. 1,995.

**1. LIFE INSURANCE—INSURABLE INTEREST—REQUISITE TO VALIDITY.**

The issue of a policy of life insurance to one who has no interest as a relative, dependent, creditor, or otherwise, in the life of the insured, and who pays the premiums for the chance of recovering upon the policy, is against public policy, and the contract is void, because the interest of the holder is to shorten, rather than to lengthen, the life of the insured, and his maintenance of the policy is of the nature of a wager.

**2. SAME—CREDITOR HAS INSURABLE INTEREST.**

A creditor has an insurable interest in the life of his debtor, and the issue or pledge of a policy upon his life as collateral security for the payment of his debt is valid.

**3. SAME—NECESSITY OF INSURABLE INTEREST IN ASSIGNEE—QUESTION OF GENERAL LAW.**

The question whether or not an insurable interest in an assignee is requisite to the validity of the assignment of a policy of life insurance, which was originally issued to one who had an insurable interest, is a question of general law, upon which the decisions of the courts of the state in which the assignment was made are not controlling in the federal courts.

**4. SAME—ASSIGNMENT VALID WITHOUT INSURABLE INTEREST IN ASSIGNEE.**

An insurable interest in the assignee is not requisite to the validity of the assignment of a policy of life insurance which was lawfully issued to one who had such an interest, unless the assignment was made in bad faith as a cover for the issue of a wager policy. But the use of an assignment immediately upon the issue of a policy to evade the rule that the issue of a policy to one without an insurable interest renders it void avoids the assignment.

**0. SAME—PLEDGEE OF POLICY MAY SELL TO ONE WITHOUT INSURABLE INTEREST.**

The pledgee of a policy of life insurance has the right and power to sell the policy to the highest bidder for the purpose of realizing money to pay the debt which it secures, and both immediate and remote assignees under such a sale take good title to the policy and to its proceeds, although they have no insurable interest in the life insured by the policy.

**6. JUDGMENT—RES ADJUDICATA.**

In an action between the same parties or between those in privity with them, a prior judgment on the merits upon the same claim or demand by a court which had jurisdiction, is conclusive, whether right or wrong, not only of every matter offered, but of every admissible matter which might have been offered to sustain or defeat the claim or demand.

(Syllabus by the Court.)

---

¶ 2. See Insurance, vol. 28, Cent. Dig. §§ 162, 166.

In Error to the Circuit Court of the United States for the District of Kansas.

This action involves a controversy over the ownership of the proceeds of a policy of insurance between the administrator of the estate of Melissa A. Gordon, the plaintiff, and the Ware National Bank, the defendant. The insurance company admitted its liability, and paid into the court below the amount owing upon the policy, which insured the life of William Gordon for $5,000. All the premiums required to be paid by this policy had been paid by Gordon before the year 1879. The amount promised by the policy was payable upon the death of William Gordon to his wife, Melissa A. Gordon, if living; otherwise to the children of William Gordon. Gordon died on March 6, 1902, leaving his wife and two children surviving. Melissa A. Gordon died on March 14, 1902, so that, if Melissa Gordon was not deprived of all interest in the policy by the facts which are about to be stated, her administrator, the plaintiff, is entitled to recover its proceeds. On June 11, 1879, William Gordon and Melissa A. Gordon, his wife, assigned the policy to the German Bank of Leavenworth, Kan., as collateral security for the payment of loans made by it to William Gordon. On May 8, 1882, the German Bank brought an action in the district court of Leavenworth county, in the state of Kansas, against William Gordon and Melissa A. Gordon to foreclose the pledge of the policy by a sale of it and the application of the proceeds to the payment of a debt of $8,217.01, which was then owing by William Gordon to the bank. The Gordons appeared in that action, admitted that the indebtedness of William Gordon to the bank was $8,217.01, and that they had pledged the policy to secure the payment of this debt, and they consented to an immediate trial of the action without making any farther defense. Thereupon the court tried the case, and rendered a decree that the bank should recover of William Gordon $8,217.01; that the policy of insurance should be advertised and sold; that the proceeds of the sale should be applied to the payment of the debt of William Gordon to the bank; and that the defendants William Gordon and Melissa A. Gordon were "forever barred of and from having or claiming any lien upon or interest in or to" the policy after its sale. Under an execution issued upon this judgment the policy was sold by the sheriff to the German Bank for $150, and it was subsequently assigned for value by the German Bank, through several mesne conveyances, to the defendant, the Ware National Bank. Neither the Ware National Bank nor any of the assignees through whom the policy passed from the German Bank to it was a creditor of William Gordon, or had any interest in his life. The Ware National Bank claimed the proceeds of the policy as the remote assignee of the German Bank. The plaintiff, the administrator of the estate of Melissa A. Gordon, demanded these proceeds upon the ground that the assignees of the German Bank had no insurable interest in the life of Gordon, and that for this reason the assignments to them were void, and the policy remained the property of Melissa A. Gordon when she died. The court below sustained the claim of the Ware National Bank, and rendered a judgment in its favor.

John H. Atwood (William W. Hooper, on the brief), for plaintiff in error.

James H. Cravens (Lucien Baker and E. B. Baker, on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and AMIDON, District Judge.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The issue of a policy of insurance to one who has no interest as a relative, dependent, creditor, or otherwise, in the life insured, and who pays the premiums for the chance of recovering upon the policy, is against the public policy of this nation, and void, because the interest

of the holder of the policy is to shorten, rather than to lengthen, the life insured, and his maintenance of the policy is of the nature of a wager. Evasions of this rule by the issue of a policy to one who has an insurable interest, and its immediate assignment, pursuant to a preconceived intent, to one without such an interest, who undertakes to pay the premiums for his chance of profit upon his investment, are equally ineffective, and such assignments are void. Connecticut Mutual Life Ins. Co. v. Schaefer, 94 U. S. 457, 461, 24 L. Ed. 251; Cammack v. Lewis, 15 Wall. 643, 21 L. Ed. 244; Warnock v. Davis, 104 U. S. 775, 782, 26 L. Ed. 924. A creditor has an insurable interest in the life of his debtor, and a policy on the latter's life issued to him, or issued to one who has an insurable interest in the life of the debtor and subsequently assigned to him, is valid and enforceable in his hands. Connecticut Mutual Life Ins. Co. v. Schaefer, 94 U. S. 457, 461, 24 L. Ed. 251; Warnock v. Davis, 104 U. S. 775, 778, 26 L. Ed. 924.

Counsel for the plaintiff insist that the Supreme Court of the state of Kansas has determined that every assignment of an insurance policy is void unless the assignee has an insurable interest in the life protected, and that this decision is controlling in the federal courts, because the assignments here in question were executed in the state of Kansas. But the question whether or not an insurable interest in an assignee of a policy issued to one who had such an interest is indispensable to the validity of the assignment of it is a question of general law, which it would be a dereliction of duty for a federal court to decline to consider and determine for itself. The opinion of the court of the state in which the assignment is executed upon this question is not controlling in a national court. Hartford Fire Ins. Co. v. Chicago, M. & St. P. Ry. Co., 70 Fed. 201, 203, 17 C. C. A. 62, 65, 30 L. R. A. 193; Speer v. Board, 88 Fed. 749, 762, 32 C. C. A. 101, 114; Clapp v. Otoe County, 104 Fed. 473, 477, 45 C. C. A. 579, 582.

There is some conflict of authority among the courts of the states upon the question whether or not the assignment of a policy for value in good faith by one who has an insurable interest to one who has not such an interest is valid. The Supreme Court of Indiana, in the case of Franklin Life Ins. Co. v. Hazzard, 41 Ind. 116, 13 Am. Rep. 313, declared that such an assignment was as obnoxious to the rule against wager policies as the issue of a policy to one without interest, and that it was void. The courts of the states of Alabama, Kansas, Kentucky, Missouri, North Carolina, Pennsylvania, Texas, and Virginia have followed this declaration. Alabama Gold Mutual Life Ins. Co. v. Mobile Mutual Life Ins. Co., 81 Ala. 329, 1 South. 561; Helmetag's Adm'r v. Miller, 76 Ala. 183, 52 Am. Rep. 316; Missouri Valley Life Ins. Co. v. Sturges, 18 Kan. 93, 26 Am. Rep. 761; Missouri Valley Life Ins. Co. v. McCrum, 36 Kan. 146, 59 Am. Rep. 537, 12 Pac. 517; Price v. First Nat. Bank, 62 Kan. 743, 64 Pac. 639; Schlamp v. Berner's Adm'r, 21 Ky. Law Rep. 324, 51 S. W. 312; Burnam v. White, 16 Ky. Law Rep. 241, 22 S. W. 555; Heusner v. Mutual Life Ins. Co., 47 Mo. App. 336; Powell v. Dewey, 123 N. C. 103, 68 Am. St. Rep. 818, 31 S. E. 381; Downey v. Hoffer, 110 Pa. 109, 20 Atl. 655; Gilbert v. Moose's Adm'r, 104 Pa. 74, 49 Am. Rep. 570; Cheeves v. Anders, 87 Tex. 287, 47 Am. St. Rep. 107, 28 S. W. 274; Schonfield v. Turner,

75 Tex. 324, 12 S. W. 626, 7 L. R. A. 189; Long v. Meriden Brittania Co., 94 Va. 594, 27 S. E. 499. The reason for this view that the assignee who pays the premium practically wagers it upon the early close of the life insured has much less force where, as in the case at bar, the premiums have ben paid before the assignment is made. Connecticut Mutual Life Ins. Co. v. Schaefer, 94 U. S. 457, 462, 24 L. Ed. 251; Bursinger v. Bank of Watertown, 67 Wis. 75, 83, 30 N. W. 290, 58 Am. Rep. 848. The rule adopted by these states greatly detracts from the value of life insurance policies, and restricts their commercial value; for, if their possible purchasers are limited to those who have insurable interests in the lives they insure, it is obvious that buyers will be few, and their commercial value and the traffic in them must be much less than if all men may become their lawful purchasers. In view of this fact the Supreme Court of the United States and the courts of the great commercial communities of this country—of New York, Ohio, Massachusetts, Illinois, Michigan, New Jersey, California, Minnesota, Connecticut, Louisiana, Rhode Island, Wisconsin, Nebraska, Tennessee, South Carolina, Mississippi, and Maryland—have repudiated the old declaration of the Supreme Court of Indiana, and have adopted the more modern and rational rule that "any person has a right to procure an insurance on his own life, and to assign it to another, provided it be not done by way of cover for a wager policy." Ætna Life Ins. Co. v. France, 94 U. S. 561, 564, 24 L. Ed. 287; New York Mutual Life Ins. Co. v. Armstrong, 117 U. S. 591, 597, 6 Sup. Ct. 877, 29 L. Ed. 997; Chamberlain v. Butler, 61 Neb. 730, 738, 86 N. W. 481; Crosswel v. Connecticut Indemnity Association, 51 S. C. 103, 28 S. E. 200, 203; Bursinger v. Bank of Watertown, 67 Wis. 75, 83, 85, 30 N. W. 290, 58 Am. Rep. 848; St. John v. Ins. Co., 13 N. Y. 31, 40, 64 Am. Dec. 529; Valton v. Ins. Co., 20 N. Y. 32, 33; Olmsted v. Keyes, 85 N. Y. 593, 598; Steinback v. Diepenbrock, 37 N. Y. Supp. 279, 280, 1 App. Div. 417; Eckel v. Renner, 41 Ohio St. 232, 233; Mutual Life Ins. Co. v. Allen, 138 Mass. 24, 31, 52 Am. Rep. 245; Dixon v. National Life Ins. Co., 168 Mass. 48, 49, 46 N. E. 430; Brown v. Greenfield Life Association, 172 Mass. 498, 502, 53 N. E. 129; Martin v. Stubbings, 126 Ill. 387, 18 N. E. 657, 660, 9 Am. St. Rep. 620; Prudential Ins. Co. v. Liersch, 122 Mich. 436, 81 N. W. 258; Trenton, &c., Ins. Co. v. Johnson, 24 N. J. Law, 576, 585; Vivar v. Knights of Pythias, 52 N. J. Law, 455, 469, 20 Atl. 36, 41; Curtiss v. Ætna Life Ins. Co., 90 Cal. 245, 27 Pac. 211, 25 Am. St. Rep. 114; Widaman v. Hubbard (C. C.) 88 Fed. 806, 814; Hogue v. Minnesota Packing & Provision Co., 59 Minn. 39, 43, 60 N. W. 812; Brown v. Equitable Life Assur. Soc., 75 Minn. 412, 78 N. W. 103, 671, 79 N. W. 968; Fitzgerald v. Hartford, etc., Ins. Co., 56 Conn. 116, 13 Atl. 673, 677, 678, 17 Atl. 411, 7 Am. St. Rep. 288; Succession of Hearing, 26 La. Ann. 326, 327; Clark v. Allen, 11 R. I. 439, 443, 23 Am. Rep. 496; Strike v. Wisconsin, etc., Ins. Co., 95 Wis. 583, 70 N. W. 819, 820; Clement v. N. Y. Life Ins. Co., 101 Tenn. 22, 46 S. W. 561, 564, 42 L. R. A. 247, 70 Am. St. Rep. 650; Murphy v. Red, 64 Miss. 614, 1 South. 761, 762, 763, 60 Am. Rep. 68; Rittler v. Smith (Md.) 16 Atl. 890, 892, 893; Souder v. Society (Md.) 20 Atl. 137, 138. The provision of the bankruptcy law of 1898 that an insurance policy held by a bankrupt shall pass to his trustee as assets

of his estate unless he pays to the trustee the surrender value of the policy demonstrates the fact that the national Congress deemed the rule adopted by the Supreme Court and by the courts of these states the established law of the nation. Act July 1, 1898, c. 541, § 70, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]. The courts of Indiana themselves, the courts in which the opposite rule seems to have taken its rise, have lately repudiated it, have followed the trend of the more modern decisions, have adopted the more liberal rule, and have declared that: "When the person himself in good faith makes the contract, procures the insurance on his own life, and pays the premiums, it is immaterial whether the beneficiary designated by him, or the assignee of the policy, has any insurable interest in the life of the insured or not. This doctrine is settled by this court, and is in accordance with the decided weight of authority." Milner v. Bowman, 119 Ind. 448, 454, 21 N. E. 1094, 5 L. R. A. 95. This is a great commercial nation. The policy of the nation, the business habits and acts of its citizens and the tendency of the decisions of its courts are to depart more and more from the old rule that choses in action are not assignable, to make them more and more the subjects of traffic and of commerce, and to sustain their transfers in the ordinary course of business. The stronger reasons, the decided trend of the decisions of the courts and the great weight of authority, concur to establish the rule that an insurable interest in the assignee of a policy of life insurance is not essential to the validity of the assignment if the party to whom it was originally issued had such an interest, and the assignment is not made as a cover for the issue of a wager policy.

In the case at bar, however, there are still other reasons why the plaintiff in this action cannot recover the proceeds of the policy which lies at the basis of this controversy against the title of the Ware National Bank or of any of the immediate or remote assignees of the German Bank upon the ground that these assignees had no insurable interest in the life of Gordon. In the first place, the administrator of the estate of Melissa Gordon is conclusively estopped from enforcing any such claim by the judgment of foreclosure and sale of the pledge in the action of the German Bank against Melissa A. Gordon and William Gordon. After all the premiums upon this policy had been paid, the Gordons pledged it to the German Bank to secure the payment of the indebtedness of William Gordon to that bank. That indebtedness has never been paid. The German Bank brought an action against Melissa A. Gordon and her husband in a court of general jurisdiction to foreclose the pledge, sell the policy, and apply the proceeds of the sale to the payment of the debt. Melissa A. Gordon and her husband appeared in that action, admitted the indebtedness and the pledge, and consented to the trial of the case. The court adjudged the amount due upon the debt, that the policy should be advertised and sold, that the proceeds of the sale should be applied to the payment of the indebtedness, and that "said defendants and each of them be and they are forever barred of and from having or claiming any lien upon or interest in or to said policies of insurance from and after such sale." On May 29, 1882, the sheriff of the county sold this policy at public vendue under an execution issued upon this judgment, pursuant to an advertisement

which he had published, to the highest bidder at the sale, the German Bank; and that judgment and the sale under it stand unassailed and without modification to the present day. Now, the claim of the plaintiff is not that the sale and the assignment to the German Bank were not valid and lawful, but that the subsequent assignments were void because the immediate and remote assignees of the bank had no insurable interest in the life secured by the policy. The answer is that Melissa A. Gordon was conclusively estopped by the judgment from claiming any interest in the policy or in its proceeds, and the plaintiff, the administrator of her estate, stands in her shoes. He is estopped from presenting or litigating this question.

It is not material to this estoppel that the judgment which works it may have been erroneous; that the court may have been mistaken in the facts, may have misconceived the law, or may have disregarded the public policy of the nation when it rendered it. It is sufficient that it had jurisdiction of the subject-matter of the action and of the parties to it, and in this state of the case the established rule of law is that its judgment upon the merits in an action between the same parties, or between those in privity with them, upon the same claim or demand, is conclusive, whether right or wrong, not only as to every matter offered, but as to every admissible matter which might have been offered, to sustain or defeat the claim presented. Cromwell v. County of Sac, 94 U. S. 351, 352, 24 L. Ed. 195; Board of Commissioners v. Platt, 79 Fed. 567, 571, 25 C. C. A. 87, 91. The plaintiff stands in privity with Melissa A. Gordon. He is the administrator of her estate, and has no rights which she did not possess at her death. The Ware National Bank is in privity with the German Bank, and the judgment in the case of the German Bank against Melissa A. Gordon and her husband conclusively estops the administrator of her estate from claiming any interest in or lien upon the policy, or the proceeds of the policy, which was the subject of that litigation.

In the second place, the German Bank was a creditor of Gordon, and therefore had an insurable interest in his life. The assignment by Gordon and his wife of the policy on his life to the bank as collateral security for the payment of his debt to it was a lawful pledge of the policy. One of the inherent and indispensable elements of a pledge is the right and the power to sell the subject of it to the highest bidder for cash, in order to realize the moneys to pay the debt. The restriction of this power to sell policies of life insurance to those purchasers who may have insurable interests in the lives insured thereby would greatly diminish, if it would not practically destroy, the value of such policies as security for loans or debts. They are now articles of commerce, the frequent subjects of purchase and of sale, and ready and valuable means of obtaining loans and securing obligations. The policy of the nation is to enlarge, not to restrict, commerce in choses in action. The conceded proposition that a pledge of a policy of life insurance to a creditor as security for a debt is lawful and valid carries with it the inevitable corrollary that such a pledge vests in the pledgee the right and the power to sell and to assign the policy to the highest bidder to obtain money to satisfy the debt, whether

that bidder has an insurable interest in the life secured by the policy or not. Our conclusion is that the lawful pledgee of a policy of life insurance has the right and the power to sell the policy to the highest bidder for the purpose of realizing money to satisfy the debt, and that the immediate and remote assignees under such a sale take good title to the policy and to its proceeds, although they may have no insurable interest in the life protected by the policy.

Because the assignments in this case were not made as covers for wager policies, but in good faith in the ordinary course of business, and no insurable interest in the assignees was essential to their validity; because the administrator of the estate of Melissa A. Gordon was conclusively estopped by the judgment in the case of the German Bank against her from claiming any interest in or lien upon the policy or its proceeds; and because the lawful pledgee of the policy had the right and the power to sell and to assign it to one who had no insurable interest in the life protected by it for the purpose of raising money to satisfy the debt it secured—the Ware National Bank was entitled to the proceeds of the policy in controversy, and the judgment below is affirmed.