EFFIE ANDERSON, Administratrix, Appellant, v. AETNA LIFE INSURANCE COMPANY et al., Appellees.

**EVIDENCE:** Res Gestae—Disconnected Transactions. Statements
1  made by a party at the time of applying for insurance may not be treated as a part of the *res gestae of the assignment of the policy* some three weeks later.

**INSURANCE:** Insurable Interest—Members of Joint Business Venture.
2  It is suggested that the members of a joint business venture have an insurable interest in the lives of each other.

**INSURANCE:** Assignment—When Payable "To Assigns." A policy
3  of insurance procured and maintained at the expense of the insured and payable to his *assigns* is transferable to whomsoever the insured may will—even to one who has no insurable interest in the life of the insured, provided such assignment is not a subterfuge for the purpose of securing insurance by one without an insurable interest.

*Appeal from Emmet District Court.*—D. F. COYLE, Judge.

JUNE 23, 1922.

ACTION in equity, to recover on a policy of insurance. The defendant company admitted liability, and interpleaded the other defendants as claimants under said policy. The defendant Roberts claims to be an assignee of said policy, and the defendant Kirby claims to have an interest in the same as the assignee of Roberts, for collateral security. The court dismissed the plaintiff's petition.—*Affirmed.*

*J. G. Myerly,* for appellant.

*W. A. Ladd* and *Morse & Kennedy,* for appellees.

FAVILLE, J.—Appellant's intestate, Dr. Albert Anderson, was a practicing physician in the city of Estherville, Iowa. The appellee Josepha A. Roberts is a nurse. The record tends to

show that, in the spring of 1916, negotiations were entered into between these parties whereby Miss Roberts undertook to and did erect a hospital, to be used by Dr. Anderson and to be under his control. While the parties were so operating said hospital, on April 6, 1916, Dr. Anderson applied to the agent of the Aetna Life Insurance Company for a policy of insurance upon his life, and a policy of $5,000 was issued on April 14, 1916. The policy provides for payment upon the death of the payee, "to the executors, administrators, or assigns of the payee." On May 1, 1916, by a written instrument, the payee, Dr. Anderson, duly assigned said policy to the appellee Miss Roberts, and the same was delivered to her. Thereafter, Miss Roberts assigned the policy to the appellee Kirby, as collateral security for an indebtedness of $3,500 which she owed to Kirby, or to the bank of which he was manager. This action is brought to recover the amount of the policy, in behalf of the estate of said decedent. The assignments are attacked by the appellant, as being invalid. It is also claimed, in behalf of the appellee Roberts, that a settlement was made between her and the appellant and appellant's son, and appellant claims that said settlement was procured by fraud and false representations.

I. Appellant's first contention is that the assignment of the insurance policy to the appellee Miss Roberts was as collateral only, and not an absolute assignment.

1. EVIDENCE: res gestae: disconnected transactions. The assignment is absolute in form, and there is no evidence in the record to impeach its recitals. Stress is laid upon the fact that, at the time of applying for the insurance, the decedent stated to the insurance agent that he desired to obtain insurance with which he could "secure Miss Roberts."

The application for insurance was dated April 6, 1916; the policy was issued April 14, 1916; and the assignment thereof was made May 1, 1916. The insured died May 12, 1919.

It is argued by appellant that the statement made by the insured to the agent at the time of applying for the insurance was a part of the res gestae, and therefore admissible to impeach the recitals of the assignment. We do not regard this evidence as part of the res gestae of the assignment of the policy.

. Conceding, however, without deciding, that the evidence of the insurance agent in regard to the conversation had with the doctor was admissible, it falls far short of being sufficient to impeach the recitals of the assignment. In fact, we find nothing in the case to sustain the contention that the assignment of the insurance policy by Dr. Anderson to Miss Roberts was any other and different than it purports to be: to wit, an absolute and unconditional assignment of said policy.

The finding of the lower court on this question was correct.

II.    It is the contention of the appellant that, if the assignment to the appellee Roberts was intended to carry the complete and unqualified ownership of the policy, said assignment was void as a gambling contract, and against public policy.

2. INSURANCE: insurable interest: members of joint business venture.

Two questions are involved in this proposition: First, did the appellee Roberts have an insurable interest in the life of the insured; and second, whether or not the assignee had such insurable interest, is the assignment of the policy valid?

It does not appear from the record that Miss Roberts was the creditor of the insured, in the ordinary and accepted meaning of said term. It does not appear that, at the time of the issuance of the insurance policy or of its assignment to Miss Roberts, the insured was owing her any sum of money. But it does appear in the case that Dr. Anderson and Miss Roberts were interested in a joint venture, in the establishment and maintenance of the hospital in Estherville. It was a direct benefit to the insured in his practice to have such a hospital where he could treat and care for his patients. Miss Roberts put her money into the project of building the hospital, and it was to her direct advantage that Dr. Anderson should patronize the same and use it for the care and treatment of his patients. They were jointly interested in the success of the project. It appears that Miss Roberts abandoned her other occupation, and entered into this venture. It is obvious that its success and its financial returns to her depended in a measure upon the life of the doctor, who was its chief, if not its sole, patron. His death might readily leave her with a hospital on her hands, and

with difficulty and financial loss in securing an arrangement with another physician to patronize it to her profit. The parties were not partners in this business; but it was a mutual venture, in which Miss Roberts invested money in reliance upon the arrangement with Dr. Anderson and his personal efforts, to yield a return to her by his patronage of the institution.

We are inclined to the view that the appellee Roberts, under all of the circumstances disclosed by the record, had an insurable interest in the life of Dr. Anderson. We do not determine that question, however.

Whether she had an insurable interest or not, the assignment of the policy of insurance to her was not invalid and void. The policy of insurance was, by its very terms, made payable to the executors, administrators, or assigns of the insured. So far as the record discloses, he paid the premiums on said policy at all times after it was issued. The presumptions are that he did so. There is no proof to the contrary, and no suggestion that the premiums were paid by the assignee.

3. INSURANCE: assignment: when payable "to assigns."

There are cases holding that, if a policy of insurance is procured for a beneficiary who has no insurable interest in the life insured, and the policy is procured at the expense of the beneficiary, such a policy is invalid. Appellant invokes this rule, which, however, we think has no application to the facts of the instant case. The general rule is that, where one has a valid policy on his own life, made payable to assigns, he may make such disposition of the proceeds of said policy as he sees fit, and can assign the same to one who has no insurable interest in his life, where the assignment is made in good faith, and is not a mere subterfuge for the purpose of securing insurance by one without an insurable interest. *Farmers & Traders Bank v. Johnson,* 118 Iowa 282; *Steinback v. Diepenbrock,* 158 N. Y. 24 (52 N. E. 662); *Davis v. Brown,* 159 Ind. 644 (65 N. E. 908); *Moore v. Chicago Guar. Fund Life Soc.,* 178 Ill. 202 (52 N. E. 882); *King v. Cram,* 185 Mass. 103 (69 N. E. 1049); *Chamberlain v. Butler,* 61 Neb. 730 (86 N. W. 481); *Prudential Ins. Co. v. Liersch,* 122 Mich. 436 (81 N. W. 258); *New York Mut. Life Ins. Co. v. Armstrong,* 117 U. S. 591; *National Life Ins. Co. v.*

*Beck & Gregg Co.,* 148 Ga. 757 (98 S. E. 266) ; *Hawley v. Aetna Life Ins. Co.,* 291 Ill. 28 (125 N. E. 707) ; *Adams' Admr. v. Reed,* 18 Ky. Law Rep. 858 (38 S. W. 420) ; *Aetna Life Ins. Co. v. Kimball,* 119 Me. 571 (112 Atl. 708) ; *Grigsby v. Russell,* 222 U. S. 149.

The finding of the trial court, that the assignment of the insurance policy from Dr. Anderson to Miss Roberts was an absolute assignment, and that the same was valid, is supported by the evidence in the case and by the law applicable to the facts disclosed. The ruling of the trial court was correct.

III. The appellees pleaded a settlement with the appellant, by which it is claimed that the appellant released any interest she might have in the insurance policy. The appellant insists that this settlement was procured by fraud on the part of the appellee Kirby.

Upon the record, we fail to find that the appellant has sustained her contention of fraud in the procurement of the contract of settlement. In any event, the record fails to show that the appellant ever attempted to rescind the said contract and restore the *status quo.* Furthermore, since we find that the appellant had no interest in the policy of insurance, the contract of settlement did not deprive her of anything to which she had any right.

A careful consideration of the entire case convinces us that the conclusion of the trial court was correct. The decree appealed from is, therefore,—*Affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.