## TRAVELERS INS. CO. v. REIZIZ et al.

### No. 7345.

District Court, E. D. New York.

Dec. 11, 1935.

William J. Moran, of New York City (Bernard J. McGlinn, of New York City, of counsel), for plaintiff.

Julius F. Newman, of New York City, for defendants.

MOSCOWITZ, District Judge.

This is an action in equity to cancel and annul a policy of life insurance issued by the plaintiff to the defendant Charles Moszewskas.

Referring broadly to the evidence adduced upon the trial, it appears that Moszewskas obtained the policy in question on July 19, 1927, after having applied for the same through one Michael O'Halloran, an agent of the plaintiff. The policy, which was payable to Moszewskas' executors, administrators, or assigns, was assigned by him to the defendant Frank Reiziz shortly after its issuance. The insured paid a substantial part of the first premium, and the premiums thereafter accruing were paid by Reiziz. It does not appear that the latter paid any consideration directly to Moszewskas for the assignment.

As it was conceded that the defendant Reiziz had no insurable interest in the life of Moszewskas at the time the policy was assigned to him, the plaintiff has questioned the validity of the assignment for that reason, and points to the decision in Warnock v. Davis, 104 U.S. 775, 26 L.Ed. 924, to support its contention. Undoubtedly there is language in the decision which favors the plaintiff's view. Thus, 104 U.S. 775, at page 779, 26 L.Ed. 924, the court states: "The assignment of a policy to a party not having an insurable interest is as objectionable as the taking out of a policy in his name. Nor is its character changed because it is for a portion merely of the insurance money. To the extent in which the assignee stipulates for the proceeds of the policy beyond the sums advanced by him, he stands in the position of one holding a wager policy."

There is an irreconcilable conflict of authority upon the question whether a person has the legal right to assign a life insurance policy taken out by himself to one who has no insurable interest in the life of the insured. In the following cases it was held that such a policy cannot be so assigned, though it was valid in its inception. Franklin Life Ins. Co. v. Hazzard, 41 Ind. 116, 13 Am.Rep. 313; Helmetag's Adm'r v. Miller, 76 Ala. 183, 52 Am.Rep.

316; Gilbert v. Moose's Adm'r, 104 Pa. 74, 49 Am.Rep. 570; Equitable Life Ins. Co. v. Hazlewood, 75 Tex. 338, 12 S.W. 621, 7 L.R.A. 217, 16 Am.St.Rep. 893; Schlamp v. Berner's Adm'r, 51 S.W. 312, 21 Ky.Law Rep. 324; Heusner v. Mutual Life Ins. Co., 47 Mo.App. 336; Cheeves v. Anders, 87 Tex. 287, 28 S.W. 274, 47 Am.St.Rep. 107. It is the prevailing rule, however, that an assignment of a life insurance policy, when not made by the insured in bad faith and with the intention that the assignment is to be used as a mere cover for a wager policy, is not against public policy and is sanctioned. It would serve no useful purpose to cite or discuss all the cases upholding this view; the earlier cases are contained in Gordon v. Ware National Bank (C.C.A.) 132 F. 444, 67 L.R.A. 550; the more recent cases are fully collected ·and digested in 73 A.L.R. at page 1036.

■ Authorities rejecting the assignment as invalid assert the argument that the same temptation to destroy life, which is the basis of condemning wager policies, exists in the case of such assignments. Decisions under the prevailing. rule assert the counter argument that the same temptation exists in the case of an estate limited to take effect on the death of a designated person, and the further argument is advanced that a policy would be deprived of a great part of its value if it could not be freely assigned. There is considerable force to the arguments advanced in support of each of the opposing rules, but a choice need not be made here. The Supreme Court of the United States has overruled the dicta of Warnock v. Davis, supra, and has held the general rule to be that the fact that an assignee has no insurable interest does not, upon any ground of public policy or otherwise, render the assignment invalid. Grigsby v. Russell, 222 U.S. 149, 32 S.Ct. 58, 56 L.Ed. 133, 36 L.R.A.(N.S.) 642, Ann.Cas.1913B, 863. This court, of course, is bound to follow the principle of the case just cited; accordingly, it cannot visit its condemnation upon the transaction involved herein solely by reason of the fact that the defendant Reiziz had no insurable interest in the life of the insured.

■ It is the plaintiff's next contention that the policy was obtained by the defendants for the purpose of evading the law prohibiting gambling or speculative contracts upon the chances of human life. It is undoubtedly true that, if the policy was taken out by the parties with a view to its immediate assignment, the transaction would be nothing more than a mere subterfuge to avoid the well-settled rule that a party cannot procure insurance upon the life of one in whom he has no insurable interest. The authorities do not conflict upon this point. But obviously the question whether the insured lent himself to one without an insurable interest in his life as a cloak to a gambling transaction (Grigsby v. Russell, supra) is not a question of law, but rather is a question of fact.

■ Upon the record before it, the court cannot conclude that the original transaction involving the issuance of the policy was made by the parties to evade the rule as to the necessity of an insurable interest. No evidence was given in support of the allegations in the bill that Reiziz signed Moszewskas' name on the application for the policy or that Moszewskas' signature was placed thereon without his knowledge or consent. Moszewskas, called as a witness on behalf of the plaintiff, testified that he procured the policy himself, and nothing was elicited from him which indicated that he had done so at the instigation of Reiziz. Reiziz was likewise called as a witness on behalf of the plaintiff. He testified that he did not know Moszewskas had obtained the policy before the same was assigned to him. Plaintiff offered no proof which connected him with the original transaction. The court permitted the ·plaintiff's counsel wide latitude in its examination of these defendants, although they were called as witnesses on behalf of the plaintiff. Notwithstanding this, there is nothing in the record which can serve to support a finding that Reiziz was in any wise connected with, or had any knowledge of, the original transaction involving the issuance of the policy, and the record is also barren of any evidence upon which could be predicated a finding that Moszewskas procured the policy at the behest of Reiziz or for the purpose of assigning it to him immediately. Plaintiff called upon its adversaries as witnesses to alleged facts, but only proved by them that the facts did not exist. Even were the court to discredit them, it could not on the record before it make an affirmative finding of the existence of those facts.

Plaintiff finally urges ·that the entire transaction· should nevertheless be condemned solely by reason of the fact that

the policy was assigned shortly after its issuance. It relies upon Finnie v. Walker (C.C.A.) 257 F. 698, 700, 5 A.L.R. 831, wherein it was stated that: "Contemporaneous assignments of life insurance policies are wagering contracts, and should be treated as such, just as the policies are where the beneficiary has no insurable interest."

But it is to be noted that the court also made the following finding: "Here the policy was taken out with a view of its assignment. The assignment was contemporaneous with the issuance of the policy, and the facts disclosed in this record permit a fair inference that it was the intent of the appellees to obtain just such a result as the issuance of a wagering contract of insurance permits."

An examination of the record in that case indicates that four of the policies involved therein had been assigned on the same day the policies were delivered, and that the said policies were delivered directly to the assignee, who immediately paid the first premiums thereon. Upon these facts it is difficult to perceive how a court could do otherwise than conclude that the transactions were made pursuant to a preconceived intent to evade the law prohibiting wager contracts. I do not understand that the same conclusion must necessarily be made where all that is shown is mere proximity of time between the dates of the issuance of a policy and its assignment. Thus in Lawrence v. Travelers' Ins. Co. (D.C.) 6 F.Supp. 428, 430 the court stated: "The assignment was in point of time very close to the issuance of the policy, and it may well have been (although there is no evidence on the point) that, when the insured took out the policy, he intended to assign it to the plaintiff. This, however, would not be sufficient. If it is to be shown that he, in the words of Mr. Justice Holmes, lent himself to one without an insurable interest as a cloak to a gambling transaction, it must appear that the assignee participated in some way."

As there is nothing in the record before me which can justify a finding that Reiziz had anything to do with the original transaction or that Moszewskas procured the policy pursuant to a preconceived plan to assign the same, it cannot be held that the transaction was entered into as a mere cover for a wager or gambling transaction.

The bill must be dismissed, with costs.

Settle decree on notice.