## McWILLIAMS v. BLACKARD.
### No. 10677.

Circuit Court of Appeals, Eighth Circuit.
Nov. 13, 1936.

Jesse Reynolds, of Clarksville, Ark., for appellant.

Before GARDNER, SANBORN, and FARIS, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from an adjudication of bankruptcy under section 75 (s) of the Bankruptcy Act as amended August 28, 1935 (11 U.S.C.A. § 203 (s), and which embodied a reference to a conciliation commissioner. The record discloses the following pertinent facts:

On February 26, 1930, appellee executed his promissory note to appellant in the sum of $1,000, due one year after date, with interest at the rate of 10 per cent., which he secured by a mortgage on 80 acres of land located in Johnson county, Ark. He paid the interest on this note for 1931 and 1932. On January 5, 1931, he executed another note in the sum of $400, due one year after date, with interest at 10 per cent., to Guy Walton, which he secured by a mortgage on the same land. This note and mortgage in due course were sold and transferred to appellant. One payment of interest was made on this last-named note in 1932. There has been no payment on principal or interest on either of these notes since 1932. Appellant paid insurance on the mortgaged property for the years 1933, 1934, and 1935, in the sum of $87.20, and paid taxes for the years 1932, 1933, and 1934, in the sum of $93.92.

On April 26, 1935, appellant commenced suit to foreclose these mortgages, and on the same date appellee filed petition for composition or extension under section 75 of the Bankruptcy Act (47 Stat. 1470, 48 Stat. 925, 1289) in the District Court of the United States for the Western District of Arkansas, and the cause was referred to the conciliation commissioner. Testimony was taken before the conciliation commissioner. Appellee offered a composition or extension proposal which was rejected, and on January 31, 1936, he filed an amended petition for adjudication under section 75 (s) of the Bankruptcy Act, as amended (11 U.S.C.A. § 203 (s). Appellant filed answer to appellee's petition, in which he asserted that subsection (s) of section 75 was unconstitutional. The lower court overruled and denied appellant's contention, and entered the adjudication from which this appeal was taken.

It is the contention of appellant: (1) That subsection (s) of section 75 of the

Bankruptcy Act, as amended, is unconstitutional; and (2) that, if not, there was no probability of rehabilitation of the bankrupt. Appellee has filed no brief in this court.

The decree appealed from was entered by the lower court before the opinion of this court in United States National Bank v. Pamp, 83 F.(2d) 493, was handed down. The facts in this case bring it clearly within the doctrine of the Pamp Case, and, on the authority of that case, the decree appealed from must be and is reversed, and the cause is remanded to the lower court, with directions to dismiss appellee's petition.