## McWILLIAMS v. BLACKARD.*
### No. 11068.

Circuit Court of Appeals, Eighth Circuit.
April 28, 1938.

*Rehearing denied May 16, 1938.

44

Jesse Reynolds, of Clarksville, Ark., for appellant.

J. J. Montgomery, of Clarksville, Ark., for appellee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The main question presented by this appeal is whether a debtor's petition, filed under subsection (s) of section 75 of the Bankruptcy Act, as amended August 28, 1935, c. 792, § 6, 49 Stat. 943–945, 11 U.S.C. § 203(s), 11 U.S.C.A. § 203(s), which petition was once dismissed pursuant to a mandate of this court, McWilliams v. Blackard, 8 Cir., 86 F.2d 328, was properly reinstated by the court of bankruptcy.

The appellee is a farmer owning land in Johnson county, Ark., subject to two mortgages aggregating $1,400 which belong to the appellant and upon which nothing has been paid since 1932. The appellant has been paying taxes and insurance upon the mortgaged premises since that time. On April 26, 1935, the appellant commenced a foreclosure suit in the chancery court of Johnson county, Ark. On October 26, 1935, the debtor (appellee) filed his petition for composition or extension under section 75 of the Bankruptcy Act, and the petition was approved by the court and referred to the conciliation commissioner. The composition or extension proposal of the debtor was rejected, and on January 31, 1936, he filed an amended petition for adjudication under subsection (s) of section 75 of the Bankruptcy Act, as amended August 28, 1935, 11 U.S.C.A. § 203(s). The appellant resisted the granting of this petition on the ground that subsection (s) of section 75 was unconstitutional. The court granted adjudication.

The appellant appealed to this court from the order of adjudication, and asserted the unconstitutionality of subsection (s) and that there was no probability of the rehabilitation of the debtor. This court had held on May 11, 1936, in United States Nat. Bank of Omaha v. Pamp, 8 Cir., 83 F.2d 493, that subsection (s) of section 75, as amended, was unconstitutional, and, upon the authority of that decision, on November 13, 1936, it reversed the order of adjudication and directed the lower court to dismiss the debtor's petition. McWilliams v. Blackard, 8 Cir., 86 F.2d 328. Pursuant to the mandate of this court, the petition was dismissed by the court below on December 11, 1936. On March 29, 1937, the Supreme Court of the United States held that subsection (s) of section 75 was constitutional. Wright v. Vinton Branch of Mountain Trust Bank, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455.

Following that decision and on May 20, 1937, the debtor filed with the court below his application for the reinstatement of his petition for adjudication under subsection (s) of section 75, to which application the appellant filed a response asserting that, the judgment of this court directing a dismissal of the debtor's petition having become final, the matter was fully adjudicated and that the court below was without authority to reinstate. On July 21, 1937, the court reinstated the debtor's petition and referred the proceedings to the conciliation commissioner.

On August 5, 1937, appellant filed a motion to dismiss the petition of the debtor and to vacate the order of reinstatement on the ground of res judicata, and on the further grounds that the petition had not been filed in good faith, and that, with respect to the facts in this case, subsection (s) of section 75 was unconstitutional. The debtor filed a response to this motion. On August 5, 1937, the court below referred the motion to dismiss to a special master. On the following day, the debtor amended his petition, stating that he had been unable to effect a compromise or extension, and praying that he be adjudged a bankrupt under subsection (s) of section 75. This amendment was referred to the special master. On September 14, 1937, the special master filed his report in which he found that the petition of the debtor had been filed in good faith; that the value of the real estate was in excess of the debt owed to appellant; that subsection (s) of section 75 was not violative of the Fifth Amendment to the Constitution of the United States; that the ruling of this court in McWilliams v. Blackard, 8 Cir., 86 F.2d 328, was made before the ruling of the Supreme Court in Wright v. Vinton Branch of Mountain Trust Bank, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455, and that "on the authority of that case the plea of res judicata is held to be inapplicable here"; that the debtor came within the provisions of subsection (s) of section 75; and that the appellant was entitled to have his claim allowed in the sum of $2,192.25 with interest at 10 per cent. from the time of the entry of the foreclosure decree in the chancery court of Johnson county, Ark., and the further sum of $31.81 expended for taxes, with interest at 6 per cent. from the date of the expenditure.

The appellant filed exceptions to the report of the special master on September 18, 1937. On October 21, 1937, the court approved the report of the special master, dismissed the appellant's exceptions thereto, and denied his motion to dismiss the debtor's petition. From that order this appeal was taken.

The debtor contends that the decision of this court in McWilliams v. Blackard, 8 Cir., 86 F.2d 328, was not res judicata because (1) it was not a final judgment, since no appeal was taken therefrom by him to the Supreme Court of the United States; (2) it was not a decision upon the merits; and (3) subdivision (5) of subsection (s) of section 75, as amended, 11 U.S.C.A. § 203(s) (5), granted to the debtor authority to reinstate his petition regardless of the decision of this court.

The suggestion that the judgment of this court did not become final because the debtor made no application to the Supreme Court for certiorari is so obviously without merit as to require no discussion. Had the debtor procured a writ of certiorari from the Supreme Court of the United States, and had that court reversed the decision of this court, the judgment would not have become final. Since no action was taken by the debtor to secure a reversal of the decision of this court, the judgment, whether right or wrong, became final and binding upon him. This court had the same power to determine the controversy between these parties on the former appeal as it has to determine their present controversy.

"Whatever may be the nature of a question presented for judicial determination,—whether depending on Federal, general, or local law,—if it be embraced by the issues made, its determination by a court having jurisdiction of the parties and of the subject-matter binds the parties and their privies so long as the judgment remains unmodified or unreversed." Mitchell v. First Nat. Bank of Chicago, 180 U.S. 471, 481, 21 S.Ct. 418, 422, 45 L.Ed. 627.

Whenever the right and the duty of a court to exercise its jurisdiction depends upon the decision of a question it has power to hear and determine, its judgment, right or wrong, is binding upon the parties and those in privity with them. Foltz v. St. Louis & San Francisco Ry. Co., 8 Cir., 60 F. 316, 319; Thompson v. Terminal Shares, 8 Cir., 89 F.2d 652, 655; Wilcons v. Penn Mutual Life Ins. Co., 10 Cir., 91 F.2d 417, 419. The power to decide includes the power to decide erroneously.

Simonitsch v. Bruce, 8 Cir., 258 F. 331, 333; Jack v. Hood, 10 Cir., 39 F.2d 594, 595.

This court has held that: "It is not material to this estoppel that the judgment which works it may have been erroneous; that the court may have been mistaken in the facts, may have misconceived the law, or may have disregarded the public policy of the nation when it rendered it. It is sufficient that it had jurisdiction of the subject-matter of the action and of the parties to it, and in this state of the case the established rule of law is that its judgment upon the merits in an action between the same parties, or between those in privity with them, upon the same claim or demand, is conclusive, whether right or wrong, not only as to every matter offered, but as to every admissible matter which might have been offered, to sustain or defeat the claim presented." Gordon v. Ware Nat. Bank, 8 Cir., 132 F. 444, 449, 67 L.R.A. 550; Swift v. Jackson, 10 Cir., 37 F.2d 237, 240. See, also, Guettel v. United States, 8 Cir., 95 F.2d 229, and cases cited.

The contention of the appellee that the decision of this court requiring the lower court to dismiss his petition was not a determination of the controversy presented by the former appeal upon the merits is clearly unsound. Whether a judgment is based upon the determination of a question of law or of a question of fact makes no difference with respect to its finality or effectiveness. It is a final judgment in either event. Fauntleroy v. Lum, 210 U. S. 230, 237, 28 S.Ct. 641, 52 L.Ed. 1039; The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716.

We are convinced that the court below had no power to reinstate the petition of the appellee upon the theory that the decision of this court was not res judicata.

The debtor, however, contends that, under subdivision (5) of subsection (s) of section 75, he was accorded the right by Congress to reinstate his petition. It is impossible to sustain this contention. The amended act became effective August 28, 1935. The debtor filed his petition about two months later. Subdivision (5) of subsection (s) of section 75, as amended, 11 U. S.C.A. § 203 (s) (5), provides as follows: "This Act [title] shall be held to apply to all existing cases now pending in any Federal court, under this Act [title], as well as to future cases; and all cases that have been dismissed by any conciliation commis-

sioner, referee, or court because of the Supreme Court decision holding the former subsection (s) unconstitutional, shall be promptly reinstated, without any additional filing fees or charges. Any farm debtor who has filed under the General Bankruptcy Act [this title] may take advantage of this section upon written request to the court; and a previous discharge of the debtor under any other section of this Act [title] shall not be grounds for denying him the benefits of this section."

The case with which we are concerned was not pending in any federal court on August 28, 1935. It was not a case which had been "dismissed * * * because of the Supreme Court decision holding the former subsection (s) unconstitutional." The debtor had not, so far as the record shows, "filed under the General Bankruptcy Act." Therefore, subdivision (5) has no bearing whatever upon the situation here presented.

It is our conclusion that the court below was without authority to reinstate the debtor's petition. The order appealed from is reversed and the case remanded, with directions to dismiss the proceedings.