## CLEGG v. UNITED STATES.
### No. 2041.

Circuit Court of Appeals, Tenth Circuit.
June 10, 1940.

George A. Faust and Joseph G. Jeppson, both of Salt Lake City, Utah, for appellant.

Dan B. Shields, U. S. Atty., of Salt Lake City, Utah, Francis J. McGan, Atty., Dept. of Justice, of Butte, Mont., John S. Boyden, Asst. U. S. Atty., of Salt Lake City, Utah, Julius C. Martin, Director, Bureau, War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Fendall Marbury, Sp. Atty., Dept. of Justice, of Washington, D. C., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

Martello Clegg brought an action against the United States upon a policy of war risk insurance to recover permanent and total disability benefits in the United States District Court for the District of Utah. At the trial thereof, the jury returned a special verdict finding that Clegg became permanently and totally disabled, under the terms of the policy, on November 13, 1928. Thereupon, each party filed a motion for judgment. The trial court denied Clegg's motion and granted the motion of the United States on the ground that the policy sued on had lapsed on July 2, 1927. Judgment was entered dismissing the action. Within one year thereafter, Clegg instituted the instant suit against the United States upon the same policy of insurance to recover permanent and total disability benefits. In his amended complaint in the instant action, Clegg alleged that compensation awarded for a compensable disability and not collected, by virtue of the provisions of § 305 of the World War Veterans' Act, 1924, as amended, 38 U.S.C.A. § 516, kept the policy in force and effect until February 1, 1930. The United States pleaded the judgment in the prior action. The trial court sustained a motion for judgment on the pleadings and entered a judgment dismissing the action. Clegg has appealed.

The sole question presented is whether the judgment in the prior action was upon the merits and is a bar to the instant action. Counsel for Clegg rely upon the provision in § 19 of the World War Veterans' Act of 1924, 38 U.S.C.A. § 445, which reads as follows: "If suit is seasonably begun and fails for defect in process, or for other reasons not affecting the merits, a new action, if one lies, may be brought within a year though the period of limitations has elapsed."

A final judgment of a court of competent jurisdiction upon the merits concludes the parties and their privies to the litigation, and constitutes a bar to a new action upon the same cause of action either before the same or any other tribunal.[1] Such a bar by former judgment arises even though the judgment may have been erroneous. It matters not, that the court which rendered it may have been mistaken as to the facts, may have misconceived the law, or may have disregarded public policy.[2]

Merits means the real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction or form.[3]

[1] Henderson v. United States Radiator Corp., 10 Cir., 78 F.2d 674, 675: Swift v. Jackson, 10 Cir., 37 F.2d 237, 240, certiorari denied 281 U.S. 745, 50 S.Ct. 351, 74 L.Ed. 1158.

[2] Swift v. Jackson, supra, 10 Cir., 37 F.2d at page 240;

Gordon v. Ware Nat. Bank, 8 Cir., 132 F. 444, 449, 67 L.R.A. 550.

[3] Haney v. Neace Stark Co., 109 Or. 93, 216 P. 757, 219 P. 190, 191;

Crew v. Abraham, 86 Or. 99, 167 P. 590, 591;

Neil v. Hyde, 32 Idaho 576, 186 P. 710, 713;

Phillips v. Gunby, 1 W.W.Harr., Del., 462, 117 A. 383, 388;

Wolfe v. Georgia Ry. & Electric Co., 6 Ga.App. 410, 65 S.E. 62, 63;

Smoot v. Judd, 184 Mo. 508, 83 S.W. 481, 519;

Ordway v. Boston & M. R. R., 69 N.H. 429, 45 A. 243;

Plano Mfg. Co. v. Kaufert, 86 Minn. 13, 89 N.W. 1124, 1125.

■ Here the judgment in the prior action was predicated upon a finding of the court that the policy had lapsed and was not in force and effect at the time Clegg's disability arose. Clearly it was a decision on the merits and is a bar to the instant action.

The judgment is affirmed.