## G. W. POPP, Appellant, v. THE DAISY GOLD MIN-ING COMPANY, a Corporation, Respondent.

### No. 1428. (74 Pac. 426.)

1. **Receivers: Appointment: Time: Appeal: Reversal.**
   Where the danger of loss no longer exists, or where the fund or property involved has been disposed of under decree or order of court, and the proceeds applied to the payment of claims according to the equities and rights of the holders, and there are no duties for a receiver to perform, a judgment declaring his appointment void and restoring the property to the corporation will not be reversed for technical errors in the rulings of the trial court involving no substantial rights.

2. **Same: Action Pending.**
   Under Revised Statutes 1898, section 3114, providing that a receiver may be appointed in a pending action or an action passed to judgment, an appointment before the commencement of the action is void.

3. **Same: Understanding with Counsel.**
   An oral understanding between counsel and the judge that an order appointing a receiver, entered prior to the commencement of an action, should not take effect until after its commencement does not validate the appointment.[1]

(Decided December 10, 1903.)

Appeal from the Third District Court, Tooele County.— *Hon. Samuel W. Stewart,* Judge.

Action for the purpose of appointing a receiver. From a judgment in favor of the defendant, the plaintiff appealed.

AFFIRMED.

*C. S. Patterson, Esq.,* and *Geo. W. Moyer, Esq.,* for appellant.

*Messrs. Frick & Edwards* for respondent.

---

[1] Davis v. Flagstaff Min. Co., 2 Utah 74.

STATEMENT OF FACTS.

On the eleventh day of May, 1900, plaintiff, who is a stockholder in the Daisy Gold Mining Company, a corporation, commenced an action in the district court of Tooele county for the sole purpose of having a receiver appointed to take charge of the property belonging to the defendant corporation, which property consisted of certain mines and a mill for the reduction of ores. An order appointing a receiver was made in chambers by the district judge in Salt Lake county, Utah, on the tenth day of May, 1900, and was made one day before the complaint was filed and the action commenced. At the time there was an oral understanding between the judge making the order and the attorney applying for it that it should not be effective until after the commencement of the action. The case was tried in May, 1901, and the court entered its findings of fact, conclusions of law, and decree on the tenth day of September, 1901. In its decision the court found that the appointment of the receiver was made before any action had been commenced or was pending, and that for that reason the attempted appointment was void; that no cause existed when the action was commenced, or at the time of trial, for the appointment of a receiver; and therefore ordered the property in possession of the receiver returned to the officers and directors of defendant corporation. During the pendency of this action other actions were commenced in the same court, in which decisions were rendered, and in which all of the property of the defendant corporation was sold in pursuance of the order and decree of the court, and the proceeds of the sale applied to the payment of the debts of the Daisy Gold Mining Company. The proceedings in these actions were reviewed by this court upon different appeals and the judgments and orders of the district court affirmed. 25 Utah 76, 69 Pac. 528, and 69 Pac. 1134. A further appeal in the same cases, in which the receiver appointed was appellant, was taken and the decree of the

trial court again affirmed.   26 Utah  373, 73 Pac. 521.
Most of the questions presented by this appeal were
raised by the receiver on the former appeals, and were
decided against him.   There are, however, some questions raised by this appeal which were not raised—in
fact could not have been raised—in any of the former
appeals referred to.   These questions refer only to the
action of the court in holding the appointment of the receiver void and in refusing to continue him in office.

McCARTY, J., after stating the facts, delivered the
opinion of the court.

By an examination of the record brought to this
court on the former appeals referred to in the foregoing
statement of facts (25 Utah 76, 69 Pac. 528, and 69 Pac.
1134; 26 Utah 373, 73 Pac. 521) it will be seen that all
of the property and assets of the respondent Daisy
Gold Mining Company, which the receiver was appointed to take charge of, have been, under and in pursuance of the decree and orders of the trial court, which
decree and orders were affirmed by this court on the appeals referred to, disposed of, and the proceeds applied
to the payment of respondent's debts.   The very object
of appointing  a receiver is to protect the party complaining from loss; and when the danger of loss
no longer exists, or when the fund or property
involved has been disposed of under the decree and
order of the court, and the proceeds applied to the payment of the various claims against it according to the
right and equities of the parties holding them, as was
done in this case, and there is nothing for a receiver to
do, and no duty for him to perform, a case will not be
reversed, even though the trial court may have technically erred in its rulings, and the litigation prolonged
for the purpose of deciding some disputed point or
question of law in the case which decision would in no
way affect the substantial rights of the parties.

There is another reason why the appellant can not
prevail in this case.   It appears from the record that

the order appointing the receiver was made before the action was commenced.   This of itself rendered the appointment a nullity.   Section 3114, Rev. St. 1898, provides that "a receiver may be appointed by the court in which an action is pending or has passed to judgment, or by the judge thereof," and there follows an enumeration of the different kinds of actions in which the appointment may be made, and a specification of circumstances and conditions authorizing such appointment.   The fact that there was an oral understanding between counsel and the judge making the appointment that the order should not become effective until after an action was commenced, does not relieve the situation.   The statute provides when and under what circumstances a receiver may be appointed, and the power thus conferred can neither be enlarged nor abridged by any understanding or agreement, oral or otherwise, between the plaintiff or his counsel and the judge making the appointment.   It necessarily follows that, if an order appointing a receiver can be made one day before an action is commenced, as was done in this case, it can be made a month, a year, or for an indefinite length of time, which no lawyer, we take it, will seriously contend can be done, however unusual the circumstances upon which the application is based, and however urgent the necessities for the appointment might be.   Davis v. Flagstaff Min. Co., 2 Utah 74; Gold Hunter Min. Co. v. Holleman (Idaho), 27 Pac. 413; Smith on Receivers, 39, 602; Beach on Receivers, 70; Merchants' & Mfrs.' Bank v. Kent, 43 Mich. 292, 5 N. W. 627; Jones v. Schall, 45 Mich. 379, 8 N. W. 68; Harwell v. Potts, 80 Ala. 70, 17 Am. and Eng. Ency. Pl. & Pr., 684.

We find no reversible error in the record.   The judgment is therefore affirmed.   The costs of this appeal to be taxed against appellant.

BASKIN, C. J., and BARTCH, J., concur.