## MARTIN *et al.* v. HARNAGE.

No. 525. Opinion Filed July 12, 1910.

(110 Pac. 781.)

**RECEIVERS—Courts—Concurrent and Conflicting Jurisdiction.** It is not in acordance with the usages of courts of equity to appoint a receiver when the suit is pending in a tribunal other than the court in which the action was brought.

(Syllabus by the Court.)

*Error from District Court, Washington County; T. L. Brown, Judge.*

Action by Jesse L. Harnage against Annie M. Martin and another. From a judgment in favor of plaintiff, defendants bring error. Reversed, with directions.

*George C. Butte,* for plaintiffs in error.

KANE, J. This proceeding in error is for the purpose of reviewing an order of the court below appointing a receiver. In the court below the defendant in error was plaintiff, and the plaintiffs in error were defendants. The petition alleged, in substance, that the plaintiff and the defendant Annie M. Martin were Cherokee Indians; that the plaintiff in 1904 filed as his allotment selection in the Cherokee Nation the land described in the petition; that shortly thereafter Annie M. Martin filed a contest against him before the Commissioner to the Five Civilized Tribes, claiming that she was the owner of the improvements on said land and in possession thereof when plaintiff filed on same; that said

contest was duly heard by the Commissioner to the Five Civilized Tribes, both parties appearing with their witnesses and offering testimony in support of their respective claims; that the said Commissioner awarded the land to Annie M. Martin; that said plaintiff appealed from said decision to the Commissioner of Indian Affairs, and said commissioner likewise awarded the land to Annie M. Martin; that plaintiff again appealed to the Secretary of the Interior, and said Secretary affirmed both decisions and awarded the land to Annie M. Martin; that the plaintiff thereafter filed with the Secretary a motion for review, which said motion is still pending. The petition further alleges that said several decisions are erroneous, and that the purpose of the motion for review is to induce the Secretary to reverse his decision; that both parties to the contest have given oil and gas leases covering the land in contest; that the lessee of Annie M. Martin, the Roth Argue, Maire Bros. Oil Company, without the consent of the plaintiff, has unlawfully entered upon said land, and is about to commence drilling for oil or gas thereon, to his irreparable damage. Wherefore, plaintiff prays that a temporary restraining order be granted, restraining said defendants and each of them from entering upon any part of said land and drilling the same for oil and gas purposes, and that, in the event that it becomes evident to the court that said land should be drilled for oil and gas purposes during the pendency of the litigation involving said land, a receiver be appointed herein to take charge of said property and operate the same for oil and gas purposes during the pendency of said contest case before the Department of the Interior and during the pendency of such litigation as may arise in the courts between the parties hereto with respect to the above described land, and for such other relief in the premises as the plaintiff is entitled to. After filing the petition, a temporary restraining order was granted, which remained in force until the 17th day of November, when said court upon appointing a receiver dissolved the temporary restraining order.

There is no brief on behalf of the defendant in error, so we

are not advised upon what grounds the court below appointed a receiver. Counsel for plaintiffs in error contends that a suit must be actually pending in order to justify a court of equity in appointing a receiver; that the prayer of the plaintiff's petition is solely for a temporary restraining order and for the appointment of a receiver, a purely ancillary remedy, and that such a proceeding is not an action within the meaning of section 4202, Wilson's Rev. & Ann. St. Okla. 1903, which provides that "an action is an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." In support of the proposition that the plaintiff was not entitled to the relief prayed for, because there is not a suit pending between the parties, he cites 5 Pomeroy's Equity Jurisprudence, § 71; *American Loan & Trust Co. v. Toledo, etc., Co.* (C. C.) 29 Fed. 416; *Guy v. Doak,* 47 Kan. 236, 366, 27 Pac. 968; *Popp v. Daisy Gold Mining Co.,* 27 Utah, 83, 74 Pac. 426; *Jones v. Bank of Leadville,* 10 Colo. 464, 17 Pac. 272, and several other cases. These authorities seem to sustain the contention of counsel.

Upon the proposition that it is not in accordance with the usages of courts of equity to appoint a receiver when the suit is pending in a tribunal other than the court in which the action was brought, counsel cite *In re Hancock,* 27 Hun (N. Y.) 575. In that case the surrogate, Andrew E. Suffern, made a decree admitting to probate the will of John Hancock, and rejecting certain codicils, in one of which John W. Hutton was named as an executor. From that decree Hutton appealed to the Supreme Court and then to the Court of Appeals. These courts affirmed the decree of the surrogate, and their decrees were made a decree of the Surrogate's Court by an order of Surrogate Seth B. Cole. Thereafter Surrogate Cole, on the application of said Hutton, set aside the decree of Surrogate Suffern for alleged disqualifying interest in Suffern. An appeal from this last decree of Surrogate Cole was taken to the General Term of the Supreme Court, and

was there pending undetermined when the motion for a receiver was made at a special term of the Supreme Court. Cullen, J., who delivered the opinion for the court, said:

"We think the Special Term had no jurisdiction to make the order appealed from. Doubtless, the Supreme Court, as a court of equity, has concurrent jurisdiction with the Surrogate's Court over the administration of estates, save as to probate and the issue of letters testamentary. But that jurisdiction, we think, was not properly invoked in this case. There was no action pending in this court. There was simply a proceeding in the Surrogate's Court. In that proceeding, an order was made by the surrogate vacating a decree admitting the will of the deceased to probate. From such order an appeal was taken to the General Term, and was there pending when the order appealed from was made. Such appeal in no sense brought the whole subject-matter of the administration into this court, so that the equitable jurisdiction of the court attached to it. There was therefore no proceeding or action pending in this court in which the order appointing a receiver would properly be made."

From the record this seems to be a case of some importance. The least the defendant in error could do, if he felt he was entitled to the order entered in his favor, would be to file a brief giving this court the benefit of the argument that induced the court below to render the decree. As they have not seen fit to do so, we do not feel called upon to carefully search the record to find a theory to sustain the same, in the face of the able brief filed on behalf of the plaintiffs in error.

The judgment of the court below is reversed, with directions to discharge the receiver.

All the Justices concur.