FARMERS LUMBER COMPANY v. LUIKART*
(No. 1325; October 18, 1927; 259 Pac. 1053)

LUIKART v. FARMERS LUMBER COMPANY
(No. 1388; October 18, 1927; 259 Pac. 1053)

CORPORATIONS—STOCK SUBSCRIPTIONS—ORAL CONDITIONS.

1. In an action to collect a stock subscription given on condition that all stock was to be subscribed, where a company's subscription was not binding, the oral agreement of other parties to take up the stock *held* a valid undertaking, sufficient to constitute a subscription in so far as compliance with the condition was concerned.

*See Headnote:  (1) 14 C. J. p. 566 n. 95 New.

Appeal from and Error to District Court, Fremont County; James H. Burgess, Judge.

Heard on petition for rehearing.  Rehearing denied.

*A. C. Allen* and *O. N. Gibson,* for the appellant and plaintiff in error Luikart.

*Brome & Brome,* for respondent and defendant in error Farmers Lumber Company.

Before Potter, Justice, Brown and Riner, District Judges.

Riner, District Judge.

Plaintiff in error and appellant, hereinafter mentioned as appellant, applies for a rehearing, and the arguments and contentions now made are substantially the same as those originally presented on the question of whether the stock of the Farmers Lumber Company was all subscribed, it being again insisted that it was not. A careful re-examination of the question has convinced us that the conclusion reached upon the original hearing should not be disturbed.

Complaint seems to be made that part of the former opinion was devoted to a discussion of the matter of rescission by appellant of his subscription to the stock of the Farmers Lumber Company on the ground of misrepresentation. It is said that this defense was not urged. Appellant's answer in the court below specifically pleaded this defense. Both his testimony and his counsel's questions to elicit that testimony disclose that that defense was the only ground upon which appellant said he relied to claim a right of rescission of his stock subscription. It is significant that he never claimed in his testimony that he had raised the objection that the capital stock of the Farmers Lumber Company had not all been subscribed; neither was he, while on the witness stand, asked by his counsel concerning this point. In appellant's opening brief in this court our attention was directly called to this testimony of appellant concerning alleged misrepresentation, and it was said that: "If appellant's testimony is to be accepted, there were such fraudulent representations as would have entitled him to rescind upon these grounds alone." While it was also said in that brief that: "the conceded facts" would not require particular attention be given to the question by this court, yet the matter being so elaborately presented by the record, as has been above recited, the original opinion was framed so as not to overlook what appeared to be a real contention of appellant.

It is particularly insisted that the agreement made by Keating and Henry Rohlff in January or February 1920, to take over the stock set down on the original subscription paper as allotted to the Keith Lumber Company, was invalid. It is asserted that their oral agreement to take this stock was within the statute of frauds, being a special promise to answer for the debt, default or miscarriage of another, and hence not being in writing was void. It is difficult to understand how this contention aids appellant. The proposition necessarily assumes that the Keith Lumber Company was indebted for the stock, i.e., that it was obligated on a bona fide subscription to the stock of the Farmers Lumber Company. If this were so, then appellant has no cause for complaint. Appellant recognizes the rule that it is no defense to an action on a stock subscription to show that other valid subscriptions remain unpaid. But, as we understood appellant's position, as outlined in his opening brief, it was always claimed that the Keith Lumber Company subscription was not a binding one.

Assuming, then, that it was not binding, we think it plain that the oral agreement of Keating and Rohlff to take up the Keith Lumber Company stock, said agreement being made some time in January or February, 1920, according to Mr. Keating's testimony, was a valid undertaking. In Wemple v. St. Louis, etc. R. Co., 111 N. E. (Ill.) 906, it is said:

"The rule is, where no formalities are prescribed, any agreement by which a person shows an intention to become a shareholder, upon the terms set forth in the company's charter, is sufficient to constitute a contract of subscription. Mor. Corp. Sec. 269."

And Cook on Corp., (8th Ed.), Sec. 52, uses the following language, which has been frequently approved and quoted by the courts:

"A contract of subscription for shares of stock in an incorporated company may be entered into in various ways. Whenever an intent to become a subscriber is manifested the courts incline, without particular reference to formality, to hold that the contract of subscription subsists. It is, as in the case of other contracts, very much a question of intent. Formal rules are for the most part disregarded."

In Colfax Hotel Co. v. Lyon, 29 N. W. (Iowa) 780, it appeared that several persons who had subscribed to the stock of the Hotel Company did not take their stock. Others, including the defendant, not connected with the company, orally agreed to take up this stock. Defendant stated that he would take fifteen shares and directed the secretary of the company to set him down for that amount. And the supreme court of Iowa said, in reversing a ruling of the trial court holding such subscriptions invalid:

"The agreement of the defendant to take and pay for the stock was unconditional. He, in effect, directed the secretary to subscribe in his name for the amount of stock named, but no entry was in fact made in the stock-book or records of the corporation until after he had notified the officers of the company that he would not take or pay for the stock, so that the agreement of the parties rests entirely in parol; and the question is whether such agreement is valid and enforceable."

\* \* \* \* \*

"The question presented by the case, then, is whether, in the absence of any provisions as to the manner in which such contracts shall be entered into either in the charter or the general statutes of the state, a corporation may contract by parol for the disposal of its capital stock. In our opinion, it may. There is nothing in the nature of the contract which requires it to be in writing. For the purpose of effecting the object of its organization, the powers of the corporation, unless restricted by statute, are as broad as those of a natural person."

In Rutenback v. Hohn, et al., 143 Iowa 13, 121 N. W. 698, already cited in the former opinion in this case, it was held, over the objection that the full amount of capital stock had not been subscribed, that the oral agreement of certain of the defendants to take up a block of unsubscribed stock, and upon which they admitted liability, was binding. In the case at bar Keating, the president of the company, testified that in January or February, 1920, he and Henry Rohlff agreed to take up the Keith Lumber Company stock subscription. The secretary of the company, Oscar Rohlff, was notified of this agreement, and by his own testimony in the record confirmed Mr. Keating on this point. The company went ahead with the transaction of its business. By the spring of 1920 some $70,000.00 worth of property had been purchased by the company, its principal officers having knowledge of and evidently relying on this agreement. Keating and Rohlff not only never denied their liability on their undertaking, but on the contrary expressly conceded their obligation thereon and subsequently paid in full for the stock. There can be no question, as we read the record, that there was a clear intent on the part of Keating and Rohlff to take up this additional stock at the time they entered into this agreement. And there is no difference, so far as the governing rule is concerned, between the facts appearing in the Iowa cases and those in the record in the case at bar on the point under consideration.

Another review of appellant's contentions—and as already intimated we have examined them all with care—does not impel us to reach a different conclusion from that heretofore announced, and, accordingly, the petition for a re-hearing should be denied.

*Denied.*

POTTER, Justice, and BROWN, District Judge, concur.