**RISHEL v. McPHERSON COUNTY, KAN., et al.**

Circuit Court of Appeals, Tenth Circuit.
August 17, 1929.

Rehearing Denied September 19, 1929.

No. 54.

Alex S. Hendry, of McPherson, Kan., for appellant.

Chester I. Long, J. D. Houston, Austin M. Cowan, Claude I. Depew, W. E. Stanley, and James G. Norton, all of Wichita, Kan., and James L. Galle, of McPherson, Kan., for appellees.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

COTTERAL, Circuit Judge. The appellant, plaintiff in the District Court, appeals from a decree of dismissal of a suit brought by her on January 10, 1928, against the county of McPherson, state of Kansas, joined with the county commissioners, clerk and health officer of that county.

By her amended bill, appellant alleged she was the niece and lawful heir of Oren J. Bigford, a resident of Marion county, Kan., who was owner of 80 acres of land in Marion county, Kan., and two lots in Carlton, Kan., and she had secured the interest of his other heirs thereto, that he was past 72 years old, feeble, blind, afflicted with tuberculosis in its last stages, and unable to take care of himself or property; that the county health officer of that county had applied to the probate court for letters of guardianship in his behalf; that one Burt Hodges fled with him

to the home of Hodges in McPherson county, Kan.; that Dr. Clinton R. Lytle, county health officer of that county, isolated him at the poor farm therein; that he proposed to the commissioners of the county that it care for him as a dependent, but this was refused, and they directed Lytle should care for him upon his making deeds for his real property; that, with a design to promote a sanitarium at McPherson, Kan., with the proceeds from Bigford's property, Lytle presented deeds therefor to him, representing they were required by the commissioners to secure the expense of care for him while in the county, or he must return to Marion county, and he executed deeds for the land and lots to McPherson county; that the deeds were obtained by undue influence through his position as an official and as a physician, and through fear of removal to Marion county and representations he would be beaten out of his property; that the county had sold the land for $4,000, but retained title to the lots; that the consideration for the deeds was wholly inadequate, unfair and insufficient, and the property was obtained by unlawful, unjust and fraudulent methods, whereby she was defrauded of her right to the enjoyment of the property.

The prayer of the bill was that the court adjudge and decree that the deeds were executed in trust for his care and keeping while in McPherson county and the residue belonged to his estate, that she recover of the county $4,000, as proceeds of said sale, together with damages, interest and costs.

Copies of the deeds were exhibited with the bill, appearing to have been made in July, and recorded in October, 1921. They were warranty deeds, and each recited it was made in consideration of nursing, care, better maintenance, support, protection and livelihood. Also there was attached a letter of Dr. Lytle to the state board of health of Kansas, descriptive of his transactions with Bigford.

After some intermediate proceedings by way of motion and amendment of the bill, the defendant filed an elaborate answer, admitting certain formal matters alleged in the bill, denying all fraud in the taking of the deeds, and justifying them for lawful considerations and ends, pleading laches by the plaintiff in delaying suit, the commencement and disposition of a prior suit of the plaintiff against McPherson county, Kan., and others, begun on March 8, 1926, in the district court of that county, wherein a judgment was rendered adjudging that the deeds and a will for the same property were void, and pleading

further that the case was appealed to the state Supreme Court of Kansas, in cause No. 6349, wherein that judgment was reversed and judgment was rendered on appeal in favor of the defendants, reported in 122 Kan. 741, 253 P. 586, adjudicating the matters set out in plaintiff's complaint in this suit, and determining that all the property described therein passed to McPherson county, Kan., by the last will and testament of said Oren J. Bigford. The answer set out copies of the opinion of the Supreme Court, the pleadings in that case, the judgments of the district court and the Supreme Court therein, the mandate of the latter court, and the record thereof in the district court.

From the amended petition in this former suit, it appears that this plaintiff there claimed title to both the land and the lots here in question as an heir, and upon oral agreement assailed the will devising the same property to McPherson county, Kan., and the two deeds here in question, as obtained upon the like grounds as here of undue influence and fraud, and prayed judgment that she be declared the owner of the property, recover possession of it, have an accounting of rents and profits therefrom, her title thereto be quieted, and that the said deeds and will be canceled, or, in the alternative, judgment be rendered in her favor for the value of the property, with interest.

In the instant case, plaintiff's counsel applied to the District Court for a hearing upon the defenses of res judicata and laches. The cause was so assigned, submitted on briefs, and determined by the District Court. The suit was, after consideration and upon a written opinion, dismissed at the costs of the plaintiff, on the ground that the issues in this case were adjudicated and set at rest in the state court action.

Counsel for appellant asserts that this case involves only the validity of the deeds, an issue not determined in the prior litigation. From an amendment of the petition in the state court it appears the court ruled at the trial upon objection that the case would have to be tried on the contract or heirship, and required an election between those claims. The plaintiff's objection that the ruling was prejudicial to the rights of the plaintiff as an heir, both under the will and deeds, was overruled. It further appears that plaintiff excepted, "reserving her rights as an heir for the recovery of the property, both under the will and that property not included in the will, in another action." We are not advised as to the further course of the proceedings or

or rulings in that court, except she avers by an amendment to her bill in this case that in the former she "proceeded under her first cause of action, under her contract, having reserved all her rights under the second cause of action for claiming the property as an heir, for a future cause of action to that property not included in the will and included under the warranty deeds," and that, "under this ruling of the trial court, the questions and issues in this action were excluded from consideration by the trial court, consequently could not be and were not presented to nor passed upon by the decision of the Supreme Court of Kansas in Vol. 122, page 741, 253 P. 586."

But the record exhibited in the former case shows the state district court found and decided that there was no oral contract, and that the will and deeds were obtained by undue influence while the grantor was incompetent, and adjudged in her favor a recovery of $3,925, as net proceeds of the sale of the land, and awarded to her title to the town lots. This was a complete adjudication of all the claims of the plaintiff under the contract, will, and deeds, and we must assume that court retracted the rulings as to election by the plaintiff. The Supreme Court reversed the entire judgment, the opinion being confined, however, to a consideration of the oral contract and will; and it indicates conclusively the plaintiff abandoned her claim under the deeds. The contention now is it was reserved and should be determined in this action.

The contention is unsound, for, if the claim was abandoned or reserved, in the former action, the result is the same, that her claim of title must be regarded as res judicata in this suit. It is settled law that, where a second action involves the same claim or demand, the judgment is conclusive as to all questions that were or might have been determined, and that, if it involves a different claim or demand, only those matters actually determined are concluded. Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195; Pierce v. National Bank of Commerce (C. C. A.) 268 F. 487; Baltimore Steamship Co. v. Phillips, 274 U. S. 316, 47 S. Ct. 600, 71 L. Ed. 1069.

The appellant claimed title to the land and lots in the state court on three grounds. There has been a final adjudication against her. True, it was upon two of those grounds. But it is fatal to her claim upon all. She had but one cause of action—her claim of title to the property. She was required to present her whole case in one suit, and did not have the right to split her cause of action, prosecute it by piecemeal and leave the rest to be presented in a second action, if the first should fail. Baltimore Steamship Co. v. Phillips, supra; 34 C. J. pp. 859, 1343. Furthermore, even if this principle should not be applied, a decree in her favor upon the deeds would be valueless, as title was efficiently decreed to be in the county under the will. In any view of the case, the decree of the District Court must be affirmed; and it is so ordered.

Affirmed.