## LUIKART v. FARMERS' LUMBER CO.
### No. 132.

Circuit Court of Appeals, Tenth Circuit.
Jan. 21, 1930.

A. C. Allen and O. N. Gibson, both of Riverton, Wyo., for appellant.

E. E. Enterline and Madge Enterline, both of Casper, Wyo., for appellee.

Before LEWIS, COTTERAL, and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

This is an appeal from an order sustaining a motion to dismiss an amended bill of complaint, the object of which is to annul and vacate a judgment of the state court of Wyoming. In the amended bill it is alleged that:

Appellant was sued in the state courts of Wyoming upon a conditional stock subscription. His defense was a breach of the condition. He expected to maintain that defense by the testimony of one Jesse E. Keith, who had told appellant's counsel, before trial, that the condition had been breached. At the trial, Keith testified otherwise, to the surprise, consternation and prejudice of appellant. A judgment for the amount of the subscription followed. Such evidence of Keith was the result of conspiracy, subterfuge, trickery and perjury, and that appellant now has other evidence to prove the breach of condition. In the state court, a motion for new trial was filed, setting up substantially the above facts concerning the alleged duplicity of Keith, the surprise, and newly discovered evidence. Such motion was overruled. The appellant appealed to the Supreme Court of Wyoming, which affirmed the judgment, and denied a rehearing. Farmers' Lumber Co. v. Luikart, 36 Wyo. 413, 256 P. 84; and on rehearing, 37 Wyo. 201, 259 P. 1053.

The courts of the United States have no general supervisory or appellate powers over the state courts. Stripped of the conclusions of the pleader, it is apparent that the object of this action is to review and reverse the decision of the state court. The appellant brought to the consideration of the state court his claims as to the perjury of Keith, his surprise, and his newly discovered evidence. The state trial court ruled on it, and the state Supreme Court affirmed it. The appellant's day in court is ended.

Nice questions are sometimes presented as to what is extrinsic or intrinsic fraud, and as to what facts justify one court in enjoining the judgment of another court. Exploration of the limits of the rule should be left for some case which approaches the limits. Judge Walter H. Sanborn states the philosophy of the rule in his characteristic, clear language in Horton v. Stegmyer (8 C. C. A.) 175 F. 756, 758, 20 Ann. Cas. 1134 (Van Devanter and Munger concurring) as follows:

"A federal court sitting in equity has jurisdiction to disregard or to enjoin the enforcement of an unconscionable judgment of a state or of a national court for new causes, such as fraud, accident, or mistake, which deceive the court into a wrong decree, or which prevent the judgment defendant from availing himself of a meritorious defense that was not fairly presented to the court which rendered the judgment. But it has no pow-

er to take such action on account of errors or irregularities in the proceedings on which the judgment or decree is founded, or on account of erroneous or illegal decisions by the court which rendered the judgment or decree. The reason of this rule is that cases of the former class present new controversies, which have never been raised in other courts, while cases of the latter class invoke a jurisdiction which does not exist, a jurisdiction in a federal court to review and revise the acts and decisions of courts of coordinate jurisdiction upon questions which they have lawfully considered and adjudged."

The following quotation from the leading case of United States v. Throckmorton, 98 U. S. 61, 65, 25 L. Ed. 93, covers this case:

"If the court has been mistaken in the law, there is a remedy by writ of error. If the jury has been mistaken in the facts, the remedy is by motion for new trial. If there has been evidence discovered since the trial, a motion for a new trial will give appropriate relief. But all these are parts of the same proceeding, relief is given in the same suit, and the party is not vexed by another suit for the same matter. So in a suit in chancery, on proper showing a rehearing is granted. If the injury complained of is an erroneous decision, an appeal to a higher court gives opportunity to correct the error. If new evidence is discovered after the decree has become final, a bill of review on that ground may be filed within the rules prescribed by law on that subject. Here, again, these proceedings are all part of the same suit, and the rule framed for the repose of society is not violated."

The gravamen of appellant's complaint must be newly discovered evidence, for, if Keith told the truth on the witness stand, his contrary statement before trial does not affect a judgment rendered on the truth. Appellant's amended bill is fatally defective, therefore, in at least two respects: The Wyoming statutes afforded him an opportunity to present newly discovered evidence in support of a motion for new trial (Comp. St. Wyo. 1920, § 5870), and he discovered the evidence in time to present it (Id. § 5872). And, moreover, he did present it.

In appellant's brief in this court, he states that the motion for new trial involves the single question of newly discovered evidence. "It was confined exclusively to the question of newly discovered evidence. It is entirely silent as to the fraud, conspiracy and perjury which constitute the gravamen of the present action."

The transcript of the record sets out the motion, which is in part:

"In due time after the filing of the amended petition the defendant proceeded to Casper, Wyoming, to ascertain from Keith Lumber Company whether or not it had ever subscribed for any of plaintiff's capital stock. He obtained an interview with Jesse E. Keith, who then was and since the organization of Keith Lumber Company had been the Secretary-Treasurer and General Manager thereof. He was there advised by Mr. Keith that neither he nor the Keith Lumber Company had ever subscribed for or owned any stock of the Farmers Lumber Company of Riverton. Pursuant to this assurance of said Keith and relying thereon, defendant a few days prior to the trial of the case, caused a subpœna to be issued for said Keith, requiring his appearance to testify on the behalf of defendant at the trial. Since the witness resided out of the county, defendant advanced to him the sum of $25 to defray his travelling expenses to and from the place of trial and advised him that if this was not sufficient to cover the same the deficiency would be taken care of by the defendant. The said Keith agreed to appear at the trial and did appear, but at so late an hour that defendant and his counsel had no opportunity to confer with him prior to his being called to testify on behalf of the plaintiff who had not subpoenaed him. His testimony was entirely at variance with what he represented to defendant it would be. Instead of denying that neither he nor Keith Lumber Company had ever subscribed for or owned any stock of the Farmers Lumber Company he testified that the Company had subscribed for 50 shares and that the signature attached to the subscription contract was affixed at the direction of the Company, by an employee thereof, whose name was A. P. Nesbitt.

"This testimony of witness Keith was a complete surprise to defendant and his counsel and diametrically opposed to what they had been led to believe by witness Keith, would be his testimony."

The statement in the brief is incorrect and inexcusable.

Affirmed.