**JACK v. HOOD et al.**

No. 155.

Circuit Court of Appeals, Tenth Circuit.

March 21, 1930.

George H. Mayne, of Council Bluffs, Iowa, and W. M. Leise, of Tulsa, Okl., for appellant.

Thomas G. Andrews, of Chandler, Okl., and John M. Holmes, of St. Louis, Mo. (Andrews & Andrews, of Chandler, Okl., Biddison, Campbell, Biddison & Cantrell, Ramsey, deMeules, Martin & Logan, Lashley & Rambo, Thompson, Mitchell, Thompson & Young, and John H. Brennan, all of Tulsa, Okl., R. H. Hudson, of Bartlesville, Okl., H. O. Bland, Alvin Richards, and G. J. Neuner, all of Tulsa, Okl., and H. H. Booth, of Bartlesville, Okl., on the brief), for appellees.

Before LEWIS, COTTERAL, and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

In 1926 the plaintiff brought this action to repossess himself of 120 acres of surplus land which had been allotted to him, and which he had conveyed in 1910, and upon which oil had been recently discovered. The defendant Hood deraigns his title through plaintiff, and the other defendants through Hood; defendants have been in possession for many years.

Plaintiff's petition alleges that he is a full-blood restricted Creek Indian; that he is erroneously enrolled as of 21/32 Indian blood. By the Act of May 27, 1908 (35 Stat. 312), the plaintiff, so enrolled, was unrestricted as to this surplus allotment. He sets out sev-

eral conveyances of this land made by himself; he alleges the earlier ones are void because of his minority, and that the one made after his majority is a forgery; he alleges that all of them are void an account of his alleged restrictions. He further sets up a decree rendered by the state court quieting the defendant Hood's title against him, but alleges that such decree is void because of his claimed restrictions, because no service was had on him, and because that court made an erroneous finding of fact. The petition, in substance, seeks to have these deeds and the state court decree set aside.

■ The decision of this court in Cully v. Mitchell, 37 F.(2d) 493, disposes of the contention that he is a restricted Indian. He was otherwise enrolled, and that ends the matter.

■ Moreover, the decree of the state court, in a controversy between the same parties, or their privies in title, over the same land, is conclusive, not only over matters litigated, but all matters that might have been litigated; and this irrespective of whether he was restricted or otherwise. In Fulsom v. Quaker Oil & Gas Company (8 C. C. A.) 35 F. (2d) 84, a state court decree was held to be res adjudicata of all claims which a restricted Indian asserted, or might have asserted, to the subject-matter of the litigation. That opinion is so well fortified by authorities that nothing more need be added. However, Judge Sanborn's statement of the rule is so terse and comprehensive that it is worthy of reference. In Miller v. Belvy Oil Company (8 C. C. A.) 248 F. 83, 86, he said:

"When the second suit is between the same parties, or their privies, and upon the same cause of action as the first, the judgment or decree in the first is conclusive upon all the parties and their privies in the second suit, not only as to every question and issue which was, but also upon every question and issue, claim, or defense which might have been presented in the first suit."

The decree of the state court, rendered May 4, 1914, is sweeping. Hood was plaintiff; Jack was defendant; the land was the same. The court decreed Jack had no title, and quieted Hood's title. To avoid this, Jack claims he was not served with process, and swears to it; but the return of the officer says he was; the deputy who served him so testified. The trial court did not believe Jack; neither does this court.

■■ The contention that the decree is void because of an erroneous finding of fact is frivolous. The finding complained of was not determinative of the main issue in the case, was apparently inadvertent, and certainly harmless. But, aside from that, we had assumed that every lawyer knew that the power to decide includes the power to decide erroneously. Foltz v. St. Louis & S. F. Ry. Co. (8 C. C. A.) 60 F. 316; Gordon v. Ware Nat. Bank (8 C. C. A.) 132 F. 444, 67 L. R. A. 550; Simonitsch v. Bruce (8 C. C. A.) 258 F. 331.

It is claimed the deed of December 31, 1910, is a forgery. The evidence is to the contrary. It is claimed that it is a deed confirming a void deed—one executed while plaintiff was a minor. The question of the right of an unrestricted Indian, after majority, to convey his property upon any legal consideration, or to give it away, will be reserved until a case involving the question is presented. There was an independent consideration for this deed. But all these questions, and others equally without merit, are foreclosed by the decree of the state court. Rishel v. McPherson County (10 C. C. A.) 34 F.(2d) 250.

■ There is no merit in this litigation. A decree of a court of competent jurisdiction is final; it cannot be upset, or questions relitigated, simply because the property involved has increased in value.

The decree is right; it should be, and is, affirmed.