**SUPERIOR OIL CORPORATION et al. v. MATLOCK et al.**

No. 408.

Circuit Court of Appeals, Tenth Circuit.

March 12, 1931.

Charles A. Steele and N. A. Gibson, both of Tulsa, Okl. (Charles E. Bush, of Tulsa, Okl., on the brief), for appellants.

Charles B. Stuart, of Tulsa, Okl. (Stuart, Coakley & Doerner, Eben L. Taylor, and F. A. Bodovitz, all of Tulsa, Okl., on the brief), for appellees.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

On July 30, 1930, a state court appointed a receiver for the Superior Oil Corporation, in response to a petition filed that day. The receiver immediately took charge of the properties within the jurisdiction of the court, and has been in possession and control ever since.

On July 31, 1930, the plaintiff in this case filed his bill of complaint, asking for the appointment of a receiver for the same corporation. The plaintiff is a stockholder of the corporation; he avers various acts of mismanagement by the corporate officers and also that the corporation is without available assets for the payment of its debts; the action is brought on behalf of all stockholders and creditors who may choose to join in its prosecution. The relief sought is that ordinarily incident to a stockholders' and creditors' bill, to wit, the appointment of a receiver; an order enjoining the corporation and its officers from paying certain indebtedness claimed to be invalid; that all creditors and stockholders be enjoined from instituting any proceedings against the corporation; and for an eventual sale of the property. The bill disclosed the proceedings in the state court, which plaintiff alleged were collusive and fraudulent. Among the defendants in the federal court action are Mr. John Rogers, the receiver appointed by the state court, and the Exchange National Bank and the Exchange National Company, the plaintiffs in the state court.

All of the defendants filed motions to dismiss the bill for want of equity, which were denied. On August 18, 1930, evidence was heard on a motion for temporary injunction and appointment of receiver, which evidence supported the allegations of the bill. On October 14, 1930, the court made findings of fact and appointed one J. L. Essley receiver of the properties then in the possession of Mr. Rogers, the state court receiver. Mr.

Essley was directed to apply to the state court for possession of the properties and to institute and defend all litigation to which the corporation was a party. He was directed not to interfere with the possession of the state court receiver until the state court directed a surrender of the properties to him or until the further order of the court, power thereover being expressly reserved. The state court denied Mr. Essley's application for a surrender of the properties.

The defendants, after summons to and severance from three subsidiary codefendants, appeal from these two orders, one declining to dismiss the bill of complaint, and the other appointing the receiver.

■ The action in the state court was filed, and the state court receiver was in actual possession of the property, before the suit was filed in the United States court. It is of course well settled that if the state court had jurisdiction, its receiver is entitled to retain the possession and control of the properties, and the order of the United States court appointing a receiver is erroneous. Harkin v. Brundage, 276 U. S. 36, 43, 48 S. Ct. 268, 72 L. Ed. 457; Employers' Reinsurance Corp. v. Boston Mut. Life Ins. Co. (C. C. A. 5) 45 F.(2d) 593; Barnett v. Mayes (C. C. A. 10) 43 F.(2d) 521, and cases therein cited. The eminent counsel appearing for the appellees readily concede the rule stated, but forcefully present several reasons why, in their opinion, it is not here applicable. We will discuss the principal grounds urged.

■ 1. It is claimed that the state court was without jurisdiction in that the petition therein filed did not state a cause of action. It must be remembered that we are only concerned with the jurisdiction of the state court and not the proper exercise thereof; it is not for us to pass upon the petition filed in the state court, if it is sufficient to invoke the equity powers of that court as conferred either by state statute or the usual practices in equity. The district court of Tulsa county is a court of general jurisdiction, and it had jurisdiction of the parties and the subject matter. The statutes of Oklahoma confer upon that court the power to appoint a receiver for a corporation which is "insolvent, or in imminent danger of insolvency ᕁ * ᕁ [and] in all cases where receivers have heretofore been appointed by the usages of the courts of equity." C. O. S. 1921, § 518. The statute declares a debtor to be insolvent "when he is unable to pay his debts from his own means as they become due." C. O. S. 1921, § 4068. In Oklahoma, a creditor without a judgment may maintain an action for a receiver. Illinois Ref. Co. v. Illinois Coal Co., 130 Okl. 27, 264 P. 904. That a creditor has not reduced his claim to judgment does not go to jurisdiction, in any event, and the objection may be waived. Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763; Harkin v. Brundage, supra; Southern Pacific R. Co. v. United States, 200 U. S. 341, 349, 26 S. Ct. 296, 50 L. Ed. 507; Brown, B. & Co. v. Lake Superior Iron Co., 134 U. S. 530, 535, 10 S. Ct. 604, 33 L. Ed. 1021.

■ Does the petition, in the state court suit, disclose that the subject matter of the suit is of a class of which a court of equity has jurisdiction, under the Oklahoma statutes or decisions? There can be but one answer to the question. One of the plaintiffs in that suit is a contract creditor, the other a stockholder. It is alleged that the corporation is controlled by one man, who has conducted its affairs for his personal benefit to the detriment of the corporation; that the corporation is heavily indebted, and many suits by creditors are threatened which, if brought, will so diminish the value of the corporate properties that its assets will be insufficient to pay its debts. It is alleged that the corporation is unable to meet its payroll, and that if its employees quit, many of its oil wells will be permanently ruined by salt water. It is alleged that the officers of the corporation are selling its oil to persons unable to pay therefor; that unless its properties are conserved and orderly administered, they will be dissipated. The facts so alleged are ample to invoke the jurisdiction of the state court. In fact, the allegations of that petition present substantially the same situation, as far as the propriety of a receivership is concerned, as does the plaintiff's own bill in the federal court. It is claimed that the general allegations of fraud in the state court petition are insufficient to justify the appointment of a receiver. We have no concern with the allegations of that petition other than to determine whether its "subject-matter is of a class over which a court of equity has jurisdiction." Southern Pacific R. Co. v. United States, 200 U. S. 341, 349, 26 S. Ct. 296, 297, 50 L. Ed. 507.

■ 2. It is urged that a receivership is not an independent remedy, but is purely ancillary to other relief sought. This is sound law. Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 497, 43 S. Ct. 454, 67 L. Ed. 763; Martin v. Harnage, 26 Okl. 790, 110 P. 781, 38 L. R. A. (N. S.) 228; Wagoner Oil & Gas

Co. v. Marlow, 137 Okl. 116, 278 P. 294; Hottenstein v. Conrad, 9 Kan. 435; City of Parsons v. Parsons Water Supply & Power Co., 104 Kan. 294, 178 P. 438; Vila v. Grand Island Electric Light, Ice & Cold Storage Co., 68 Neb. 222, 94 N. W. 136, 97 N. W. 613, 63 L. R. A. 791, 110 Am. St. Rep. 400, 4 Ann. Cas. 59; Grays Harbor Commercial Co. v. Fifer, 97 Wash. 380, 166 P. 770; French v. C. F. & T. Co., 124 Or. 686, 265 P. 443; Hoiles v. Watkins, 117 Ohio St. 165, 157 N. E. 557, 61 A. L. R. 1203; Bancroft Code Practice & Remedy, vol. 3, p. 5418, § 4121. It is claimed that the prayer of the state court petition is only for a receiver. But in Oklahoma, the prayer of the petition "does not determine the relief to which a party may be entitled, nor the measure of relief to be applied." Owens v. Purdy, 90 Okl. 257, 217 P. 425, 429; Myler v. Fidelity Mutual Life Ins. Co., 64 Okl. 293, 167 P. 601. However, the prayer of the petition in the state court is not limited to the appointment of a receiver. The primary prayer is that the court administer the properties of the corporation, and "enforce and adjust the rights, liens and equities of all creditors and stockholders." An injunction is prayed against the corporation and its officers, as well as a prayer for general relief. Lockhart v. Leeds, 195 U. S. 427, 25 S. Ct. 76, 49 L. Ed. 263. This contention of appellees is therefore untenable.

■■■ 3. It is next contended that the plaintiff was prevented from filing his bill in the federal court by the fraudulent acts of the plaintiffs in the state court suit; and that, under the doctrine of Harkin v. Brundage, 276 U. S. 36, 48 S. Ct. 268, 72 L. Ed. 457, the plaintiff should therefore be deemed first in time. Without stopping to inquire whether the doctrine of Harkin v. Brundage, supra, goes to jurisdiction, or is simply a principle to guide courts in determining whether possession of properties should be relinquished, it is enough to say that the record discloses no support for the charge. It is probable that the plaintiffs in the state court knew that a bill was about to be filed in the federal court, and that their actions were spurred on by this knowledge. But there is no wrong in plaintiffs diligently seeking a court of their own choosing. The plaintiff in this case testifies, and the court below found, that he postponed filing his bill in the federal court at the request of stockholders, and upon certain assurances given by them. But the record discloses no connection between these stockholders and the plaintiffs in the state court, nor that the assurances given by them to Mr. Matlock were given in bad faith, nor that

they were not lived up to; and the trial court did not so find. Fraud cannot be presumed, but must be proven by clear, satisfactory and convincing evidence. Raines v. Ligon (C. C. A. 10) 37 F.(2d) 633; United States v. Mammoth Oil Co. (C. C. A. 8) 14 F.(2d) 705, 717.

■■ 4. It is claimed that the order of the state court appointing the receiver should be enjoined because it was obtained under "circumstances where its enforcement will be contrary to recognized principles of equity and the standards of good conscience." Wells Fargo & Co. v. Taylor, 254 U. S. 175, 41 S. Ct. 93, 96, 65 L. Ed. 205, and the opinion of Judge Lewis in Fetzer v. Johnson (C. C. A. 8) 15 F.(2d) 145, are cited. To these might be added Luikart v. Farmers' Lumber Company (C. C. A. 10) 38 F.(2d) 588, and Judge Sanborn's opinion in Horton v. Stegmyer (C. C. A. 8) 175 F. 756, 20 Ann. Cas. 1134. The principles announced by these cases are settled and sound. But there is nothing in the case at bar to call for their application. The most that can be said of this case is that the defendant confessed its obligation under a note to which there may be a defense, and joined in the application for a receiver. But ample grounds for the appointment of a receiver were alleged, and have been found to exist by both the state and federal courts. And no judgment was rendered by the state court on the note.

■■ 5. It is claimed that the note held by the Exchange National Bank was procured by fraud and that it is not a purchaser thereof for value; that the Exchange National Company is not a stockholder; that the action is a collusive one; that the Superior Oil Corporation is not insolvent; and other reasons are suggested why the order of the state court was ill-advised. But none of these go to jurisdiction. They are all matters that are properly triable before the state court; it is presumed that the state court will decide them correctly; but if there should be error in any of its decisions, it does not affect the jurisdiction of that court to decide them, for "the power to decide includes the power to decide erroneously." Jack v. Hood (C. C. A. 10) 39 F.(2d) 594, 595, and cases therein cited.

■■ 6. The real complaint of appellees is not that a receiver was not needed, nor that the state court had no power to appoint one, but that appellees feel that their rights will not be protected in the state courts. They point out that the Exchange National Bank loaned large sums of money to one Naphen,

whom the appellees claim has mulcted the corporation of large sums by abuse of his trust; that the Exchange National Bank holds as collateral to those loans, notes of the corporation which Naphen procured by fraud and duplicity; that the stock held by the Exchange National Company was procured from Naphen as a consideration for the bank making the loans to Naphen, which they say either makes the notes usurious or violates sound banking practices. They urge that the state court receiver is a blood-brother of the President of the Exchange National Bank; that blood is thicker than water, and that the receiver cannot be humanly expected to make a vigorous defense to his brother's notes. They urge that John Rogers cannot be expected to vigorously prosecute corporate claims against Naphen, who is so heavily indebted to Harry Rogers' bank. But the receiver is but the arm of the state court, and is subject to its direction. We must and do assume that the state court will see to it that every doubtful claim against the corporation is defended, and that every proper claim of the corporation will be vigorously prosecuted. We must and do assume that stockholders will be permitted to assist in such defenses and prosecutions, and that even-handed justice will be meted out to all, to the end that the properties of the corporation shall be conserved for the benefit of all. We must and do assume that stockholders and creditors will be afforded an opportunity to be heard on any matter affecting their interests or those of their corporation. If the receiver, because of ties of blood, is unable whole-heartedly to co-operate in the conservation of these properties, and the court discovers it, the power resides in the state court to find a receiver who will. If the receiver does not so co-operate, the receiver and his bondsmen will be liable for his derelictions, for the law does not countenance a "friendly receiver." But even if our assumptions are unfounded, even if all of appellees' fears be realized, the jurisdiction of the state court would still exist.

No sound reason has been advanced why this court should not fully recognize the prior jurisdiction of the state court, and an order of this court will be forthwith entered setting aside the order of the trial court of October 14, 1930.

The bill of complaint states no cause of action against John Rogers; nor, considering the pendency of the state court suit, as against the Exchange National Bank and the Exchange National Company. The bill should be dismissed as to them. The bill

states a cause of action against the other defendants, but all of the matters alleged are properly cognizable in the state court suit. The bill need not be dismissed as to them at this stage, but all proceedings in the case should be stayed as long as the same matters are in litigation in the state court.

The cause is reversed for further proceedings in harmony with this opinion.

Reversed.