## FIRST NAT. BANK & TRUST CO. v. YORK PETROLEUM CO. et al.

### No. 884.

District Court, N. D. Oklahoma.
July 29, 1933.

Conner & Winters, of Tulsa, Okl., for plaintiff.

Stokes & Jarman, of Oklahoma City, Okl., for defendants.

FRANKLIN E. KENNAMER, District Judge.

The First National Bank & Trust Company of Tulsa, a national banking association of Tulsa, Okl., instituted this action against York Petroleum Company, a corporation organized under the laws of the state of Delaware, and J. I. Cromwell, Mabel Y. Cromwell, and J. W. Cromwell, all residents of the state of Oklahoma, in the district court of Tulsa county, Okl. The petition sets forth a cause of action against the nonresident corporate defendant, York Petroleum Company, upon a promissory note, and seeks to recover against the York Petroleum Company the sum of $124,943.26, together with interest, and an attorney's fee of $12,500. The petition further alleges that, in addition to the indebtedness represented by the promissory note sued on, York Petroleum Company has executed written guaranties of debts due to the plaintiff from other creditors, and that it has incurred other debts and obligations in large sums, but the exact amount and character of the obligations are unknown to the plaintiff; that the three individual defendants were the owners of all of the outstanding capital stock of the York Petroleum Company; that, for the purpose of receiving credit from plaintiff, the nonresident corporate defendant had furnished written financial statements, listing, among other assets, 5,000 shares of stock of Shoreham Investment Company; that within the last two or three months, through conspiracy of its stockholders, the said stock has been wrongfully diverted as an asset of the defendant corporation, and has been transferred without consideration to the defendant Mabel Y. Cromwell; that the individual defendants have treated the business affairs of the corporate defendant as if they were the individual owners of the assets of the corporation, and have withdrawn the assets and pledged them for their individual needs; that the corporate defendant is insolvent, and that plaintiff is without recourse except through the intervention of a court of equity. Plaintiff then asks for judgment for the sum due on the note against the corporate defendant; that a receiver be appointed to take charge of the affairs of the corporation, to collect and dispose of the assets, and to distribute the proceeds to its creditors, and that the defendant Mabel Y. Cromwell be enjoined from disposing of or hypothecating the stock of Shoreham Investment Company, and that the individual defendants be enjoined from diverting any of the assets of the corporation. The defendant York Petroleum Company removed the case to this court, and the plaintiff's motion to remand the cause to the state court brings it on for consideration. The theory upon which the nonresident defendant removed the cause

is that a separable controversy exists between it and the resident plaintiff. It is contended by plaintiff, in support of its motion to remand, that no separable controversy exists because all of the defendants are necessary parties to the action; that the relief prayed for is incidentally a judgment on the plaintiff's note, and the main relief asked is that a receiver be appointed for the properties of the nonresident corporate defendant for the benefit of its creditors and stockholders, and particularly for the purpose of collecting assets wrongfully diverted. It is further urged that the petition, taken as a whole, demands relief from the corporation and the individual defendants jointly, and plaintiff argues that the real controversy between the plaintiff and all the defendants is the wrongful and illegal disposition of the assets of the corporation for the benefit of the individual defendants, who are its directors and stockholders.

It is well settled that plaintiff's petition alone must be considered in the determination of the existence of a separable controversy warranting a removal of a case from the state to a federal court. Wilson v. Oswego Township, 151 U. S. 67, 14 S. Ct. 259, 38 L. Ed. 75. There can be no doubt but that plaintiff's petition clearly sets forth a cause of action against the nonresident corporate defendant upon a promissory note; this is a controversy existing between a resident plaintiff and a nonresident defendant, in which the individual resident defendants have no concern. The other portions of plaintiff's petition pleaded facts upon which they seek injunctive relief and the appointment of a receiver. There are several controversies involved in the suit, but, in my opinion, the main and principal controversy set forth in plaintiff's petition is its attempt to recover upon the promissory note against the nonresident defendant.

It is difficult to define rules applicable to every case for determining if a suit is made up of separable controversies, but the same principle controls in the determination of this fact in the various forms or kinds of actions or proceedings. The difficulty lies in applying the established principles to the particular form or kind of action or proceeding. The question in every case, no matter what its form, is as to whether it is entire, or severable into different controversies. If the action is drawn in the form of an entire and single cause of action, no separable controversy is presented, where there are numerous defendants, as the action is a single action against all of the defendants. However, where the petition sets forth a form of an action against numerous defendants, which is divisible, then a separable controversy is presented. In this case, it most clearly appears that a controversy was pleaded, which exists between the resident plaintiff and the nonresident corporate defendant, upon the promissory note.

Plaintiff argues that the primary purpose of its petition is not only to prevent the individual defendants, as officers and directors of the nonresident defendant corporation, from wrongfully diverting the assets, but also seeks a means to recover the assets theretofore wrongfully and illegally disposed of, by means of a receiver. Such an argument is tantamount to saying that the real purpose of the action is the appointment of a receiver to recover dissipated assets, and that the recovery upon the promissory note is merely incidental thereto. It is well established that a receivership is not an independent remedy, but is purely ancillary to other relief sought. Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763; Superior Oil Corporation v. Matlock (C. C. A.) 47 F.(2d) 993; Martin v. Harnage, 26 Okl. 790, 110 P. 781, 38 L. R. A. (N. S.) 228; Wagoner Oil & Gas Company v. Marlow, 137 Okl. 116, 278 P. 294. There can be no doubt but that plaintiff's petition is primarily based upon its right to recover upon the promissory note. It is impossible to consider the allegation in plaintiff's petition, wherein it charges that, in addition to the indebtedness represented by the note, the corporate defendant has executed written guaranties of debts due to the plaintiff from other creditors, as stating a cause of action, and it therefore cannot be considered as a material part of plaintiff's right to recover against the corporate defendant. However, if such allegations were sufficiently definite to constitute a cause of action, another separable controversy would be presented between the resident plaintiff and the nonresident defendant, as the individual defendants are not alleged to have any connection with such indebtedness.

Plaintiff has cited cases announcing the well-established rules controlling the removal of causes. These cases establish the proposition that, in order to justify a removal on the ground of a separable controversy, there must be a controversy which can be fully determined as between them, and that the whole subject-matter of the suit must be capable of being finally determined as between them and complete relief afforded as to the separate cause of action without the presence of others originally made parties to the suit.

The relief sought must not be incidental to the main purpose of the bill in a separable controversy justifying a removal. See Torrence v. Shedd, 144 U. S. 527, 12 S. Ct. 726, 36 L. Ed. 528; Colburn v. Hill (C. C. A.) 101 F. 500; Baillie v. Backus (D. C.) 230 F. 711. The principles announced in these cases are sound. However, these are the principles which are decisive of the instant case: Plaintiff is a creditor, and has rights because of that fact. Its rights, as set forth in its petition, are to recover upon the promissory note. The right to recover a judgment upon the note against the nonresident corporate defendant contemplates a determination of that controversy between the resident plaintiff and the nonresident defendant, and complete relief of a judgment for the recovery of the sum due may be afforded without the presence of the individual defendants. Plaintiff's petition is so drawn as to clearly show that the principal relief sought is the recovery of money due it upon the promissory note, and upon written guaranties executed by the nonresident defendant. It seeks incidental relief of injunction and the appointment of a receiver in order to aid in the accomplishment of its primary purpose—the collection of the money due it by the nonresident corporate defendant. By reason of pleading the separable controversy, the cause is removable to this court by the nonresident defendant.

Plaintiff's motion to remand should be overruled.

It is so ordered.